CONSOLIDATED UNDERWRITERS V. ANGIE JONES KING.

No. A-7177. Decided June 10, 1959.
Rehearing overruled July 8, 1959.
(325 S.W. 2d Series 127)

*Ramey, Brelsford, Hull and Flock* and *Donald Carroll,* all of Tyler, for petitioner.

*McDaniel, Hunt & Fairchild,* of Center, for respondents.

MR. JUSTICE CALVERT delivered the opinion of the Court.

Respondent, who claims to be the surviving widow of McKinley King, deceased, sued petitioner for benefits under the Texas Workmen's Compensation Law. Vernon's Annotated Texas Civil Statutes, Articles 8306, et seq. Trial was before the court, without a jury, and resulted in a judgment for respondent. The Court of Civil Appeals affirmed. 319 S.W. 2d. 343.

McKinley King, a resident of Louisiana, was an employee

of McCoy Brothers Lumber Company, a corporation, which had its office and a lumber mill in Louisiana. In its operations the employer cut logs in both Texas and Louisiana and hauled them to its mill in Louisiana. King died as a result of an accidental injury received by him in the course of his employment while working in Shelby County, Texas. The contract of insurance on which recovery is sought was issued to the employer by petitioner's agent at Monroe, Louisiana.

Respondent does not seek in this suit to recover benefits under the Employers' Liability Act of Louisiana. No doubt the reason she does not is because it is authoritatively settled that Texas courts will not entertain jurisdiction to enforce rights arising under that Act. Johnson v. Employers Liability Assur. Corp., Texas Civ. App., 99 S.W. 2d 979, writ refused. But however that may be, the question which confronts us at the outset is whether respondent, assuming her to be the widow of McKinley King, may recover benefits provided in the Texas Workmen's Compensation Law in a suit on the policy written by petitioner and introduced in evidence.

1 The policy provides for coverage of the employer's employees in Logansport, Louisiana, and vicinity. We may assume that the coverage is broad enough to include those employees who were working for the insured in Shelby County, Texas. We may assume also that Texas courts would take jurisdiction to enforce rights under the Texas Workmen's Compensation Law if the policy provided for rights and remedies under that law.

The policy of insurance is titled "Standard Workmen's Compensation and Employers' Liability Contract" and contains insuring agreements relating to both workmen's compensation and employers' liability. The provisions of the policy relating to employers' liability coverage are not pertinent to our inquiry. The provisions of the policy relating to workmen's compensation read as follows:

"Item 3. Coverage A of this policy applies to the workmen's compensation law and of any occupational disease law of each of the following states: _____Louisiana_____."

*   *   *   *   *

"Coverage A—Workmen's Compensation.

"To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law."

\* \* \* \* \*

"Definitions.

"(a)   Workmen's Compensation Law. *The unqualified term 'workmen's compensation law' means the workmen's compensation law and any occupational disease law of a state designated in Item* 3 of the declarations, but does not include those provisions of any such law provide [sic] non-occupational disability benefits."[1]

An endorsement extending certain additional medical and surgical benefits to injured employees was attached to the policy. Sections 5 and 6 of the endorsement read as follows:

"5.   This endorsement applies only to persons entitled under the policy to receive the benefits provided by the workmen's compensation laws of the states listed below:   Louisiana.

"6.   The premium for the insurance afforded by this endorsement for operations subject to the workmen's compensation law of any state listed immediately below shall be 3.5% of the premium otherwise determined under the policy for such operations, subject to a minimum premium of $5 for such states. Louisiana."

It thus appears that only the name of the State of Louisiana was placed in the various spaces provided for listing the states under whose laws benefits were afforded. It seems to us too plain for argument that far from providing for benefits and remedies under the Texas law for employees injured while working in Texas, the plain and unambiguous language of the policy expressly limits the rights and remedies of the insured's employees to those provided in the Louisiana law.

The Court of Civil Appeals sustained recovery on the policy on the theory that inasmuch as petitioner had qualified as a Texas insurer and had issued a policy of workmen's compensation insurance covering employees while working in Texas, the provisions of the Texas Workmen's Compensation Law would be written into the policy. We do not agree.

2   An employer is not compelled to become a subscriber under the Texas Workmen's Compensation Law. Whether he does or does not become a subscriber is strictly elective. Middleton v. Texas Power & Light Co., 108 Texas 96, 185 S.W. 556, affirmed

---

1.—Emphasis ours throughout.

249 U.S. 152, 39 Sup. Ct. 227, 63 L. Ed. 527. One makes his election by becoming a subscriber of the statutory association (Texas Employers' Insurance Association), Art. 8308 § 7, V.A.T.S., or by becoming the holder of a policy in an insurance company, lawfully transacting a liability or accident business in this state, which is conditioned to pay compensation *under the Texas Workmen's Compensation Law*.[2] Article 8309, § 2, V.A.T.S. To affirm the judgments of the courts below on the theory adopted by the Court of Civil Appeals would be to compel a foreign employer, either compelled or electing to provide workmen's compensation insurance under and according to the laws of the state of his residence for the benefit of his employees working in Texas, to become a subscriber also, as to such employees, under and according to the laws of Texas. As to such an employer our law would thus be made compulsory. That result would be contrary to both the spirit and the language of the statutes. It would be an incongruous construction of the statutes to hold that a Texas employer may elect to leave all of his employees uninsured, as we do, Middleton v. Texas Power & Light Co., supra, or that he may elect to insure the employees in one of his businesses and leave uninsured his employees in another business, as we do, Barron v. Standard Acc. Ins. Co., 122 Texas 179, 53 S.W. 2d 769; Mulkey v. Traders & General Ins. Co., Texas Civ App., 93 S.W. 2d 582, writ refused, but that a foreign employer insuring his Texas employees under the law of the state of his residence must also insure them under the law of Texas. It is of course true, as respondent contends and the Court of Civil Appeals has held, that the provisions of our workmen's compensation law will be imported into a contract insuring the employees of a Texas subscriber, but it does not follow that the provisions of our law will be imported into a contract entered into under and according to the laws of another state by an employer who is not a subscriber in Texas.

The cases cited by the Court of Civil Appeals and by respondent are not controlling. We need not review all of them. An analysis of those most closely analagous will serve to demonstrate the points of distinction. In Ocean Acc. & Guarantee Corp. v. Industrial Commission of Arizona, 32 Ariz. 275, 257 Pac. 644, it was held that an employee of a California employer, injured while working in Arizona, could recover compensation under and according to the law of Arizona, but the opinion of the court reflects that the compensation law of Arizona is com-

2.—Art. 8308, Sec. 18a, V.A.T.S., also requires a subscriber to give certain notice, but an analysis of that provision is not necessary to a determination of the question before us.

pulsory on employers. While the provisions of the policy are not reflected in the opinion, the opinion does recite that liability was admitted by the insurer who contended only that the benefits to be awarded should be according to the law of California rather than the law of Arizona. In Pacific Employers Ins. Co. v. Industrial Accident Commission, 306 U.S. 493, 59 Sup. Ct. 629, 83 L. Ed. 940, it appears than an employee of a Massachusetts employer, employed in Massachusetts, was injured while working in California. The employer was insured in Massachusetts with Hartford Accident & Indemnity Company and in California with Pacific Employers Insurance Company. Suit was brought in California. Pacific contended that no recovery could be had against it because the employee was a Massachusetts employee, only working temporarily in California, and Article 4, § 1 of the Constitution required that full faith and credit be given to a provision of the Massachuetts statute restricting benefits to those provided therein whether the injuries received were received "within or without" Massachuetts. The contention was overruled and it was held that recovery could be had from the California insurer of benefits provided in the California law. In Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 Sup. Ct. 208, 88 L. Ed. 149, it was held that a Louisiana employee of Magnolia, injured while working in Texas, who had recovered compensation benefits from Magnolia's Texas insurer under the Texas Workmen's Compensation Law, could not recover additional benefits from Magnolia under the Louisiana law.

Inasmuch as the insurance policy issued to the employer by petitioner provides for benefits only under and according to the Louisiana law and the employer is not a subscriber under the Workmen's Compensation Law of this state with petitioner as its insurer in this state, the judgments of the trial court and the Court of Civil Appeals cannot stand. Those judgments are accordingly reversed and the cause is remanded to the trial court with instructions that it be dismissed.

Opinion delivered June 10, 1959.

Rehearing overruled July 8, 1959.