HARDY, Judge.
This suit seeking a declaratory judgment was instituted by plaintiff as compensation liability insurer for the purpose of procuring a judicial resolution of conflicting claims between asserted dependents of the deceased employee of plaintiff’s assured. Impleaded as defendants were the following groups of claimants:
(1) Decedent’s mother, Annie Mae Ivory, individually, claiming the sum of $600 for funeral expenses, and as tutrix of defendant’s legitimate minor children, Bobby Ray Ivory, Prentiss Edward Ivory and Bernice Ivory, seeking an award of the maximum statutory amount of sixty-five per cent of the decedent’s wages; and, alternatively, claiming a dependency allowance as mother of the decedent in the event of rejection of the claims of the minors;
(2) The minors, Wallace Gene Bishop and Robert Lee Ivory, illegitimate children of decedent and his concubine, Essie Lee Bishop, with who.m he was living at the time of his death, which children were allegedly dependent and living with their deceased father at the time of his death, claiming the statutory allowance;
(3) The minors, Alma Lee Sumlin and Larry Clay Bishop, children of decedent’s concubine by other fathers, who were allegedly completely dependent upon and living with decedent as members of his household at the time of his death, claiming the statutory allowance.
After trial there was judgment:
(a) In favor of Annie Mae Ivory, individually, in the sum of $600, representing funeral expenses of the decedent;
(b) In favor of plaintiff rejecting the individual demands of Annie Mae Ivory and the claim of the minor, Alma Lee Sum-lin;
*896 (c) In favor of Annie Mae Ivory as tutrix of the minors, Bobby Ray Ivory, Prentiss Edward Ivory and Bernice Ivory, as partial dependents of decedent;
(d) In favor of Essie Lee Bishop, surviving concubine of decedent, for the use and benefit of the minors, Wallace Gene Bishop, Robert Lee Ivory and Larry Clay Bishop, as complete dependents of decedent.
The judgment apportioned the exact amounts of the awards upon the basis of the distinction between partial and complete dependency for specific periods of time based upon the ages of the respective minors.
From the judgment the defendant, Annie Mae Ivory, in her capacity as tutrix of the three legitimate children, has appealed, praying for judgment in their favor for the entire maximum amount represented by sixty-five per cent of the decedent’s wages; the plaintiff has appealed, seeking the rejection of all claims except those of the legitimate children and the allowance for funeral expenses in favor of Annie Mae Ivory, individually.
Our examination of the somewhat complicated matter presented by this appeal indicates that the first and principal issue tendered for determination is factual and relates to the resolution of the question as to the complete or partial dependency of the minors involved. Bearing upon this issue are the material facts represented by a stipulation of counsel for all parties concerned and those additional facts established upon trial, which we set forth in accordance with our findings as follows:
The deceased employee, Thess Ivory, was employed by M. & M. Supply Company at a wage of $1 per hour, which, concededly, fixes the maximum weekly compensation rate at the sum of $31.20. On August 5, 1957, in the performance of duties in the course and scope of his employment, the named employee was instantly killed in an automobile accident. Decedent was legally married but once and then to Myrtle S. Ivory, of which union there were three children, namely, Bobby Ray Ivory, born January 27, 1941, Prentiss Edward Ivory, born June 23, 1942, and Bernice Ivory, born July 14, 1943. The marriage between Thess and Myrtle Ivory was dissolved by judgment of divorce on September 13, 1946, and the full custody and control of the named minor children was awarded to the husband. Since the year 1945 the named children continuously resided with their grandmother, Annie Mae Ivory. After the divorce, beginning in or about the year 1949, Thess Ivory and Essie Lee Bishop lived in a state of open concubinage, and as a result of their relationship two children were born, namely, Robert Lee Ivory, on July 1, 1955, and Wallace Gene Bishop, on January 2, 1957. ' Decedent’s concubine, Essie Lee Bishop, was also the mother of two other illegitimate children, namely, Alma Lee Sumlin, born September 13, 1942, and Larry Clay Bishop, born May 9, 1946. At the time of the death of Thess Ivory his two illegitimate children, Wallace Gene Bishop and Robert Lee Ivory, together with Larry Clay Bishop, the minor child of his concubine, were living with him and their mother as bona fide members of his household. The record establishes the fact that several years prior to the death of Thess Ivory the minor, Alma Lee Sumlin, had left the home of Thess Ivory and Essie Lee Bishop and removed to California, where she resided with her natural father. It follows, therefore, that she has no possible claim, and, there being no appeal on her part, she is no longer involved in the instant case as a party at interest.
Reference to the detailed and thoughtful written opinion of the district judge discloses his conclusion that the decedent’s legitimate children were only partially dependent was predicated upon the finding that Thess Ivory did not make regular contributions of amounts sufficient for the needs of these dependents. While we are in accord with the factual finding, we are forced to disagree with its application. The determination between complete *897 and partial dependency is fixed by the needs of the dependent, the absence of other substantial sources of support and not by the proportion of the employee’s earnings which he contributed for this purpose; Malone’s Louisiana Workmen’s Compensation, Section 307, and cases cited. The pertinent facts established in the instant case are that decedent was responsible for the support of his legitimate children, contributed substantial amounts of his earnings for this purpose, and that they had no other source of support. It follows that these children must be considered as wholly rather than partially dependent upon decedent.
As to the illegitimate children of decedent and his concubine, the resolution of dependency is fixed by the statutory provision, LSA-R.S. 23:1251, which reads:
“The following persons shall be conclusively presumed to be wholly and actually dependent upon the deceased employee:
* * * * * *
“(3). A child under the age of eighteen years * * * upon the parent with whom he is living at the time of the. injury of the parent.”
In the above classification must also be included the minor illegitimate child of decedent’s concubine, for the evidence establishes the fact that this child was a bona fide member of decedent’s household, or “family” as it has been defined by our jurisprudence interpreting the provisions of the compensation statute, and was dependent upon him for support.
As the result of these factual findings it appears obvious to us that the six named children to whom reference is above made, legitimate and illegitimate, occupied an equal status and are entitled to share equally in the maximum weekly compensation allowance which has been stipulated in the sum of $31.20.
As a matter of statutory provision, the rights of dependent children are termi-nated by the occurrence of any one of the eventualities fixed, that is, the attainment of the age of eighteen years, death or marriage. From the record it is evident that two of the legitimate children have already attained the age of eighteen years and their entitlement to compensation should be based upon the proportions of the allowance accruing in their favor, calculated from the date of death of their father to the date of their respective eighteenth birthdays. As a result, the division of the sixty-five per cent total maximum allowance of wages in the nature of death benefits should be re-apportioned and increased in favor of the remaining minor children. This procedure should be followed upon the occurrence of the same contingent event with respect to the remaining minors. This involves a calculation of amounts, percentage of wages and time periods with which we do not deem it necessary to burden this decree, inasmuch as it involves simply an accounting procedure which can be determined by and between counsel for the parties at interest.
For the reasons assigned the judgment appealed from is amended and recast to read as follows :
It is ordered, adjudged and decreed that there be judgment in favor of Annie Mae Ivory, individually, and against the Fidelity & Casualty Company of New .York in the full sum of $600, representing funeral expenses of the decedent, Thess Ivory, together with interest at the legal rate from date of judicial demand until paid, and the individual demands of the said Annie Mae Ivory are otherwise rejected;
It is further ordered, adjudged and decreed that there be judgment against the plaintiff, Fidelity & Casualty Company of New York, in the amount of $31.20 per week, beginning August 5, 1957 and continuing for a period of not more than 400 weeks, in favor of Annie Mae Ivory as tutrix of the minors, Bobby Ray Ivory, Prentiss Edward Ivory and Bernice Ivory, and in favor of Essie Lee Bishop, for the use *898 and benefit of the minors, Wallace Gene Bishop, Robert Lee Ivory and Larry Clay Bishop; which payments shall be made to the said parties in the amounts and proportions and for the periods of time provided by law and in accordance with this opinion.
All payments shall bear interest at the legal rate from their respective due dates until paid. Costs of this appeal are assessed equally against the appellants, and all other costs are taxed against the plaintiff.