369 So.2d 1102 (1979)
Johnny MORRISON, Plaintiff-Appellant,
v.
H. B. MITCHELL CONSTRUCTION COMPANY and Western Casualty and Surety Company, Defendants-Appellees.
No. 12506.
Court of Appeal of Louisiana, First Circuit.
March 5, 1979.
John G. Discon, Badeaux, Discon, Cumberland & Barbier, New Orleans, for plaintiff-appellant.
Warren M. Schultz, Jr., Carrere & Denegre, New Orleans, for defendants-appellees.
*1103 Before LOTTINGER, CHIASSON and SARTAIN,[*] JJ.
SARTAIN, Judge.
Johnny Morrison filed suit against his alleged employer, H. B. Mitchell Construction Company (Mitchell Construction), and its workmen's compensation insurer, Western Casualty and Surety Company, seeking recovery under the Louisiana Workmen's Compensation Act (R.S. 23:1021, et seq.) for an injury he received while working in Louisiana.
The defendants excepted to the jurisdiction ratione materiae of the court. The judge a quo agreed with defendants and dismissed the suit for lack of jurisdiction over the subject matter. Plaintiff appeals.
Plaintiff in his petition made the following pertinent allegations: (1) plaintiff is a Mississippi resident; (2) Mitchell Construction is a foreign corporation doing business in the state; (3) plaintiff was injured in Louisiana; and (4) the accident occurred on March 29, 1977, while plaintiff was in the course and scope of his employment as a carpenter for Mitchell Construction when he fell from the roof of a house at the work location in Slidell, Louisiana.
At the hearing on the declinatory exception of lack of subject matter jurisdiction, neither plaintiff nor defendants offered any evidence in support of their respective positions. The court, therefore, was restricted to the allegations of the petition, which for purposes of the exception are to be accepted as true. State ex rel. Brenner v. Noe, 186 La. 102, 171 So. 708 (1936).
Although plaintiff's allegations were the only evidence before the court, the judge a quo in his judgment sustaining the exception of lack of subject matter jurisdiction made the following statement in explanation of his ruling:
"The general rule is that a state workmen's compensation statute is inapplicable even though the accident occurred within that state, where neither the employee nor the employer resided in the state, where no part of the employer's business was localized therein, and where the employment therein was only of a temporary character."
Without expressing an opinion on the validity of the above rule, we note that the record before us reveals no basis on which the court below could have concluded that Mitchell Construction had no business localized in this state or that plaintiff's work here was temporary. Therefore, these findings of fact must be disregarded. Apparently the judge a quo mistakenly relied upon unproven assertions made in defendants' brief.
Lack of jurisdiction over the subject matter does not appear on the face of plaintiff's petition.[1] Therefore, the onus was on the defendants to offer evidence in support of their exception. C.C.P. art. 930. Defendants having failed to do so, the exception to jurisdiction ratione materiae must be overruled.
Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings. All costs relating to this appeal are to be borne by appellees. All other costs are to await a final determination on the merits.
REVERSED AND REMANDED.
NOTES
[*] Serving by appointment of the La.Sup.Ct.
[1] An injured employee need not be a resident to be entitled to benefits under the Louisiana Workmen's Compensation Act. E. g., Johnson v. El Dorado Creosoting Co., 71 So.2d 613 (La. App. 2d Cir. 1954). 99 C.J.S. Workmen's Compensation § 76.