440 So.2d 803 (1983)
Morris BANKS
v.
CARL OTT POLES AND PILING, INC., et al.
No. 83 CA 0021.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Rehearing Denied November 22, 1983.
*804 Daniel E. Becnel, Jr., Reserve, for plaintiff-appellant.
Charles M. Hughes, Bogalusa, for defendants-appellees.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Morris Banks filed suit against his alleged employer, Carl Ott Poles and Piling, Inc. (Carl Ott Poles) and its workmen's compensation insurer, Georgia Casualty and Surety Company, seeking recovery under the Louisiana Workmen's Compensation Act (La.R.S. 23:1021, et seq.) for an injury he received while working in Louisiana.
The defendants responded to plaintiff's petition by filing exceptions to jurisdiction, no cause of action, no right of action and res judicata.[1] Additionally, in the same pleadings, defendants filed an answer generally denying plaintiff's assertions. The trial court agreed with defendants and dismissed the suit for lack of jurisdiction. Plaintiff appeals this decision.
The record reflects that only the exception to jurisdiction was maintained. However, the record does not reflect whether the exception was maintained based upon a lack of jurisdiction over the person or over the subject matter.
In this respect, it is significant to note that the defendants have apparently waived any objections to jurisdiction over the person by filing the peremptory exceptions and the answer as noted above. That is, defendants filed peremptory exceptions to plaintiff's petition which were not required by law to have been filed with the declinatory exception to jurisdiction. Thus, the court feels the defendants have made a general appearance which subjects them to the jurisdiction of the court. La.C.C.P. articles 6 and 7. It is also noteworthy that defendants' brief on appeal is limited to the question of whether the trial court has jurisdiction over the subject matter. The defendants do not address the question of jurisdiction over the person.
Accordingly, it is our opinion that the exception to jurisdiction maintained by the trial judge was over the subject matter involved. It is well settled that the jurisdiction of a court over the subject matter of an action cannot be conferred by consent of the parties. La.C.C.P. art. 3. Hence, the single issue before this court on appeal is whether the trial court has subject matter jurisdiction over this litigation.
In his petition, plaintiff made the following pertinent allegations: (1) plaintiff is a Mississippi resident; (2) Carl Ott Poles is a foreign corporation doing business in the state of Louisiana; (3) Plaintiff was injured in Louisiana; and (4) the accident occurred on January 23, 1982, while plaintiff was in the course and scope of his employment as a "debarker" for Carl Ott Poles when the debarking machine plaintiff was operating jammed. While attempting *805 to free the machine, plaintiff injured his back.
Lack of jurisdiction over the subject matter does not appear on the face of plaintiff's petition. Indeed, the present weight of authority is clearly in plaintiff's favor. In Malone and Johnson's treatise on Worker's Compensation Law[2] at section 404 is found the following:
It does not appear that Louisiana courts have ever hesitated to apply Louisiana law to an injury occurring within the state, regardless of the competing interests of other states in which the contract of employment might have been made or the business principally localized.... [T]his state's preference for its own law has clear federal constitutional support, and seems never to have been seriously questioned.
Subsequent cases have shown no major deviation from this principle, applying Louisiana law to accidents occurring here even in instances when both the contract of employment and the domicile of the employee and the employer are out-of-state. (Footnotes omitted)
The jurisprudence is also clear that where the accident occurs in Louisiana, the courts of this state may exercise subject matter jurisdiction even though the employment contract is confected outside of Louisiana and the plaintiff and defendant are non-residents. Morrison v. H.B. Mitchell Construction Company, 369 So.2d 1102 (La.App. 1st Cir.1979); Johnson v. El Dorado Creosoting Co., 71 So.2d 613 (La.App. 2nd Cir.1954), writ granted, no further history.
More importantly, we agree that the courts in Louisiana should have subject matter jurisdiction over cases of this nature. Few matters could be deemed more appropriately the concern of the state in which the injury occurs or more completely within its power than the bodily safety and economic protection of employees injured within it.
Additionally, since the lack of jurisdiction over the subject matters does not appear on the face of the petition, the burden was on the defendants to offer evidence in support of their exception. La.C.C.P. art. 930; Morrison, 369 So.2d at 1103. Yet the record does not reflect that the defendants offered any evidence in support of their position. The court, therefore, was restricted to the allegations of the petition, which for purposes of the exception are to be accepted as true. Morrison, 369 So.2d at 1103; See also State ex rel. Brenner v. Noe, 186 La. 102, 171 So. 708 (1936).
Thus, when one reads plaintiff's petition in light of the scholarly and jurisprudential authority noted above, one must conclude that the trial court has subject matter jurisdiction over this controversy. Accordingly, the judgment of the trial court is reversed and the case is remanded for further proceedings. All costs relating to this appeal are to be borne by appellees. All other costs are to await a final determination on the merits.
REVERSED AND REMANDED.
NOTES
[1] Defendant's labeled their exception to jurisdiction as peremptory. However, as La.C.C.P. art. 926 makes clear, the exception to jurisdiction is declinatory.
[2] Malone I. Johnson, Worker's Compensation Law and Practice, § 404 (1980).