**544**

William Martin KINDLE, et al.

v.

CUDD PRESSURE CONTROL,
INC., et al.

Civ. A. No. 83–2122.

United States District Court,
W.D. Louisiana,
Monroe Division.

May 9, 1985.

Miller, Dawson & Askew, James R. Dawson, Shreveport, La., for plaintiffs.

Mayer, Smith & Roberts, Alex F. Smith, Jr. and Kim Hanson LaVigne, Shreveport, La., for defendants.

## OPINION

LITTLE, District Judge.

Plaintiffs, William Martin Kindle and Murline Kindle, are the surviving parents of William T. Kindle, who was killed in an industrial accident on 3 March 1983 in Jackson Parish, Louisiana. On 7 September 1983 they filed the above action in this Court under diversity jurisdiction. On 14 December 1984 the parties agreed to submit a pretrial stipulation as to the facts involved in this case and then submit the entire case for disposition on the record without trial. Briefing was concluded on 4 March 1985. Predicated upon the stipulated facts, the briefs and the record as a whole, the Court makes these findings of fact and conclusions of law.

## FINDINGS OF FACT

William T. Kindle was born on 11 March 1958 in McKinney, Collin County, Texas to William Martin Kindle and Murline Kindle. He was raised in and around McKinney, Texas.

William T. Kindle married Paulette McKenzie Kindle on 19 December 1980 in Canton, Wood County, Texas. At the time of their marriage, William T. Kindle was twenty-two years old and Paulette McKenzie Kindle was thirty-three years old. After the marriage, they established their residence at Van, Texas, living in a mobile home owned by Paulette McKenzie Kindle.

In October of 1982, William T. Kindle abandoned the matrimonial domicile. Although William T. Kindle obtained, executed and had Paulette McKenzie Kindle execute an in proper person divorce petition, it was never signed by a judge and, accordingly, William T. Kindle and Paulette McKenzie Kindle were never legally separated nor divorced.

At the time William T. Kindle separated from Paulette McKenzie Kindle, he was unemployed. On 8 November 1982 he became employed by Cudd Pressure Control, Inc., Ambassador Row, Longview, Texas 75603.

At the time of his employment with Cudd Pressure Control, Inc., William T. Kindle lived in the Haystack Apartments, Longview, Texas. He, however, claimed as his permanent residence Route 1, Box 92 or P.O. Box 1021, Van, Texas and as his phone number (214) 963–5393. These are the home phone number and permanent residence address of William M. and Murline Kindle, his parents.

William T. Kindle's first trip to Louisiana, as a part of his job with Cudd, was on 1 March 1983. He was a member of a snubbing crew working on Davis G # 1, Vernon Field, Jackson Parish, Louisiana. William T. Kindle and fellow employees were housed at the Holiday Inn in Ruston, Louisiana, during the job.

William T. Kindle was killed at approximately 10:45 A.M. on 3 March 1983 at the above described well site when a nipple blew out releasing a lateral pressure column of gas which hit William T. Kindle with such force that he was thrown 162 feet across the well site location. He was killed instantly.

Paulette McKenzie Kindle and William T. Kindle were living separate and apart at the time of his death. At no time since William T. Kindle had abandoned Paulette Kindle did he provide her with any actual monetary or material support.

As a result of William T. Kindle's death, his parents, William Martin and Murline Kindle, plaintiffs herein, and his surviving spouse, Paulette McKenzie Kindle, instituted proceedings before the Texas Industrial Accident Board to determine who was the proper beneficiary for the death benefits provided under Texas Worker's Compensation Statutes. All interested parties appeared before the Board, represented by counsel. By Order of the Texas Industrial Accident Board dated 24 August 1983, Paulette McKenzie Kindle was determined to be the proper party beneficiary to receive the death benefits pursuant to the Texas Worker's Compensation Act.

Thereafter, National Union Fire Insurance Company of Pittsburgh, Pennsylvania, the worker's compensation carrier for Cudd Pressure Control, Inc., appealed the decision of the Board to the 294th Judicial District, Van Zandt County, Texas, pursuant to article 8307, section 5 of the Vernon's Annotated Texas Statutes. After a full appellate hearing during which all parties were present and represented by counsel, Richard Davis, presiding judge of the 294th Judicial District, Van Zandt County, Texas, signed a final judgment on 27 April 1984 declaring Paulette McKenzie Kindle the sole and exclusive beneficiary of William T. Kindle and entitled to all benefits provided by law.

## CONCLUSIONS OF LAW

This Court has jurisdiction pursuant to 28 U.S.C. § 1332. Louisiana law applies. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Because the parties in this matter are residents of Texas, counsel for both sides have devoted a great amount of argument pertaining to conflicts between Louisiana and Texas law. We think counsels' efforts are misplaced.

■ The jurisprudence is clear that where the accident occurs in Louisiana, the courts of this state may exercise subject matter jurisdiction even though the employment contract is confected outside of Louisiana and the plaintiffs and defendants are non-residents. *Banks v. Carl Ott Poles and Piling, Inc.*, 440 So.2d 803, 804

546

(La.App. 1st Cir.1983), *writ denied*, 444 So.2d 1244 (La.1984). It is also manifest that Louisiana courts uniformly apply Louisiana law to accidents occurring within the state notwithstanding that the contract of employment and the domicile of the employee and the employer are out of state. *Banks, supra;* W. Malone and H.A. Johnson III, 14 *Louisiana Civil Law Treatise: Worker's Compensation Law and Practice,* § 404 at p. 314 (1980) (hereinafter cited as Malone and Johnson).

■ Under La.R.S. 23:1231, "if the (deceased) employee leaves no legal dependents, the sum of twenty thousand dollars shall be paid to each surviving parent of the deceased employee, in a lump sum, which shall constitute the sole and exclusive compensation in such cases." Further, "(n)o compensation shall be payable … to a surviving spouse unless he or she was living with the deceased spouse at the time of the injury or death, or was then actually dependent upon the deceased spouse for support". La.R.S. 23:1255. Paulette Kindle meets neither of these requirements. Thus, there being no legal dependent of the deceased, plaintiffs are entitled to recover under La.R.S. 23:1231.

■ It is of little moment that the plaintiffs were denied recovery in Texas. "If Louisiana has sufficient interest in the affair to permit its courts to entertain jurisdiction over the subject matter, then it has sufficient interest to see that the tenets of its compensation act are carried out." *Malone and Johnson,* § 409 at p. 333. A prior denial of compensation is no different from a prior award in this context and should not bar a second suit. *Id.* (and cases cited therein).

## DECISION

Judgment is rendered in favor of the plaintiffs for $40,000 ($20,000 each), plus interest and costs. Plaintiffs shall submit an appropriate judgment within twenty (20) days of the signed date of this opinion.