No. 82-141

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

VICKI R. CHRISTENSON,

Claimant and Appellant,

vs.

BILLINGS LIVESTOCK COMMISSION
COMPANY, Employer, and STATE
COMPENSATION INSURANCE FUND,

Defendant and Respondent.

Appeal from: Workers' Compensation Court of the State of Montana,
In and for the Area of Billings
Honorable Timothy W. Reardon, Judge presiding.

Counsel of Record:

For Claimant:

Herndon, Harper & Munro, Billings, Montana

For Defendant:

Allen B. Chronister, Helena, Montana

Submitted on briefs: July 15, 1982

Decided: November 9, 1982

Filed: NOV 9 - 1982

Thomas J. Harvey
_____
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Claimant, Vicki R. Christenson appeals from a judgment in Workers' Compensation Court which held that a settlement agreement negotiated with a claims examiner did not create a binding contract between claimant and the liability carrier, State Insurance Fund (State Fund).

Claimant contends that the claims examiner was authorized to negotiate a binding settlement agreement and that a binding agreement was in fact created. We affirm the Workers' Compensation Court.

Claimant was injured at work in 1973. Claimant's employer, Billings Livestock Commission Company was enrolled under Workers' Compensation Plan III. State Fund accepted liability and paid all of claimant's medical bills and compensation of $32.67 per week.

From late in 1979 until spring of 1981, State Fund negotiated with claimant to arrive at some final settlement of claimant's disability benefits. Claimant was represented by counsel and negotiations were conducted through a claims examiner with State Fund. The State Fund bureau chief supervised the work of the claims examiner.

In March of 1981, the parties reached a tentative settlement. Claimant and her attorney signed a petition for full and final compromise settlement. Under the terms of the proposed settlement, claimant would receive a lump sum payment of $13,000 and payments of $860 per month for one year, during which time claimant was to undergo a rehabilitation program. In addition, State Fund would pay claimant's medical expenses during her lifetime.

When the signed petition was presented to the State Fund bureau chief he rejected it as excessive and beyond the

liability of State Fund as an insurer.   The bureau chief
offered instead a single lump sum final settlement of
$6,000.

At this point, claimant brought the matter before the
Workers' Compensation Court, insisting that through the
negotiations between her attorney and the State Fund claims
examiner, she had entered into a binding final settlement
agreement with State Fund.   After a trial on September 22,
1981, Workers' Compensation Court entered a judgment that
the preponderance of evidence established that the proposed
settlement agreement did not create a binding contract between
claimant and State Fund because State Fund had not consented
to its terms.   No penalties were awarded.

Claimant argues that consent of the bureau chief was not
necessary, that the State Fund claims examiner had either
actual or apparent authority to negotiate a final settlement
and that the State Fund was bound by the settlement that
the claims examiner had negotiated.   We agree with the
Workers' Compensation Court holding that the claims examiner
did not have either actual or apparent authority to enter
into a binding final settlement on behalf of the State Fund.

Actual authority is defined at section 28-10-402, MCA:

"Actual authority is such as the principal
intentionally confers upon the agent or
intentionally or by want of ordinary care
allows the agent to believe himself to possess."

The Workers' Compensation Court found that the bureau
chief was the only person authorized to bind State Fund to a
settlement contract, that the claims examiners were con-
tinually reminded of their limited authority, and that this
claims examiner was aware that her authority was limited to
negotiating proposed settlements.   Negotiated proposed

-3-

settlements were regularly submitted to the bureau chief for approval. The heading of the document which claimant asserts is a binding contract is "Petition for Full and Final Compromise Settlement." (Exhibit 2.) The heading alone suggests that it was not the final agreement between the parties. The record supports the Workers' Compensation Court's finding that the claims examiner did not have actual authority.

Nor did the claims examiner have ostensible authority to bind the State Fund. Ostensible authority is defined at section 28-10-403, MCA:

> "Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess."

Unrefuted testimony at trial established that the claims examiner never told claimant's attorney that she had authority to bind State Fund and that she always told claimant's attorney that she would have to submit any proposed settlement to the bureau chief for approval. From this evidence, Workers' Compensation Court correctly concluded that the claims examiner did not have ostensible authority.

There can be no binding contract without mutual consent of the parties. Section 28-2-102(2), MCA. The proposed settlement was never approved by the bureau chief of State Fund. Absent the bureau chief's approval, claimant had no right to rely on the petition for full and final compromise settlement as a binding agreement.

The Workers' Compensation Court judgment was based on substantial evidence and we therefore will not overturn the decision.

The judgment is affirmed.

Daniel J. Shea
Justice

-4-

We Concur:

_Gene B. Daly_

_John Conway Harrison_

_____

_Frank B. Morrison_

_____
Justices