Nathaniel WEBB and Roche Juneau,
Plaintiffs-Appellants,

v.

TOM BROWN, INC.
Defendant-Appellee.

No. 85–4060.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 1986.

Decided Jan. 5, 1987.

Joe Bottomly, Bottomly & Gabriel, Great
Falls, Mont., for plaintiffs-appellants.

Charles Cashmore, Lynn M. Grant, Crowley, Haughey, Hanson, Toole & Dietrich, Billings, Mont., for defendant-appellee.

Before GOODWIN, HALL and THOMPSON, Circuit Judges.

GOODWIN, Circuit Judge:

Two workmen injured in a Montana auto accident while returning home from work sued their employer for damages caused by the negligence of their fellow employee who was driving the car. The district court granted summary judgment for the employer on the ground that the Montana workers' compensation fund provided the exclusive remedy. Plaintiffs appeal.

Nathaniel Webb and Roche Juneau worked for Tom Brown, Inc., on an oil-drilling rig in North Dakota. Both plaintiffs are Montana residents. Texas was Tom Brown's state of incorporation and principal place of business. Tom Brown paid workers' compensation assessments for Webb and Juneau in North Dakota, but not in Montana, pursuant to a multistate employer agreement between North Dakota and Montana that workers' compensation coverage would be controlled by the site of the work. Tom Brown also carried coverage for Montana work sites through Montana's State Compensation Insurance Fund, a publicly-operated insurance company run through a division of the state workers' compensation agency. *See* Mont.Code Ann. §§ 39–71–101 to 2909 (1985).

Tom Brown paid a travel allowance to the crew boss, Jensen, for miles driven with Jensen's car while carrying the crew to and from work. Dobson, the assistant crew boss, was also a designated and paid driver when his car was used. Neither Webb nor Juneau received travel pay. On the last work day before the morning of the accident, Jensen was the paid driver. After work, on the way to their Montana

homes from the North Dakota job site, the group stopped at a bar and then at a party. They started on the final leg of the trip home about 3:00 a.m. and Jensen decided he was too tired to drive. Dobson replaced him as driver. Shortly thereafter Webb and Juneau were injured when the car left the icy Montana road.

The plaintiffs filed workers' compensation claims in both Montana and North Dakota. Representatives of the Montana State Compensation Insurance Fund and Tom Brown asserted that Montana did not have jurisdiction over their claims and that the plaintiffs were not within the course and scope of employment when the accident occurred.

The chief underwriter of the Montana fund stated that jurisdiction would lie in North Dakota because of the two states' agreement that coverage would be based on rig location. The claims manager of the Montana fund wrote a letter asserting that the Montana fund "must deny all liability in this matter because [the] place of employment was in North Dakota and Tom Brown, Inc. is covered with workers' compensation insurance in North Dakota." A Montana lawyer who represented both Tom Brown and the Montana fund until 1983, explained in a letter to the plaintiffs' attorney on August 29, 1983, that, because of the rig's location, "the State Compensation Insurance Fund would find it impossible to extend coverage to the claimants while they were employed in the state of North Dakota."

Based on these representations, the plaintiffs voluntarily dismissed their Montana petition and pursued their claim in North Dakota. The managers of the North Dakota fund did not deny jurisdiction but, after a hearing, denied benefits because the hearing officer found that the plaintiffs were not in the course and scope of their covered employment at the time of the accident.

Webb and Juneau then filed a diversity action in the District Court for the District of Montana, alleging that Tom Brown was vicariously liable for their injuries under the theory of respondeat superior for the negligence of Jensen and Dobson.

The district court ruled after a pretrial hearing that Jensen, the paid driver and crew boss, was within the course and scope of his employment at the time of the accident, but that the actual driver, Dobson, was not. The court also ruled that Dobson was not an agent or subagent of Jensen at the time of the accident. The court left for a jury to decide whether Jensen negligently entrusted his car to Dobson, and set the case for trial.

Three months before the trial was to commence, the Montana Fund sent a letter to the plaintiffs' attorney announcing that it had reversed its position and was "thereby accept[ing] liability for these injuries." The claims manager for the Montana fund offered no explanation for the change.

Observing that "great amounts of time and energy" had been spent on the case, which "now appear[] to have been wasted," the district court decided that the fund's letter had divested the court of subject matter jurisdiction because of the exclusive remedy clause of the Montana workers' compensation law. Mont.Code Ann. § 39–71–411. The court then granted the defendant's motion for summary judgment and dismissed the case. Because disputed material issues of fact remain to be decided, we must vacate the trial court's order and remand the case to the district court.

## I. The Court's Subject Matter Jurisdiction

■ The first issue is whether the district court confused its application of Montana law under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), with a "divestment" of its subject matter jurisdiction. Only Congress, not a state legislature, can constitutionally "divest" a federal court of its subject matter jurisdiction. *See Begay v. Kerr-McGee Corp.*, 682 F.2d 1311, 1316 (9th Cir.1982). It is more accurate to characterize the reason for the dismissal of the

complaint as the court's belief that the complaint, as a matter of law, did not state a claim upon which relief could be granted because the exclusive remedy provision of Mont.Ann.Code § 39–71–411 barred a common law negligence claim. *See Begay*, 682 F.2d at 1315–16. Nonetheless, if the dismissal were correct, on any theory, we would affirm.

## II. The non-binding character of the claims manager's letter accepting liability

█ Treating the court's dismissal as one based on the failure of the plaintiffs to state a claim upon which relief could be granted, we find that the district court prematurely assumed that the claims manager's last minute assertion of compensation liability was efficacious as a matter of law to activate the exclusivity provision of Mont. Code Ann. § 39–71–411.

The letter was sent to the parties after the trial date in federal court had been set, more than three years after the Montana State Compensation Insurance Fund initially had denied liability. The plaintiffs had relied upon that denial and had dropped their workers' compensation claim against the Montana fund. Because the Montana fund had denied liability based on Webb and Juneau's drilling work being performed in North Dakota, plaintiffs had pursued their compensation claims in North Dakota to their detriment.

With no further communications or claims pending before the Montana fund, the fund's tardy assertion of liability, wholly unsolicited by plaintiffs, is at least mysterious. Even if we assume that there was no collusion between Tom Brown, Inc., and the Montana fund in an attempt to avoid the risk of a tort judgment far in excess of the potential workers' compensation remedy,[1] the assertion of liability by the fund's attorney still leaves questions to which the district court should require answers before holding that the plaintiffs are now barred by the exclusive remedy provision of Mont. Code Ann. § 39–71–411. It is not altogether clear that the fund will actually provide compensation, and it may be equitably estopped from taking over the claim against the will of the plaintiffs. This is a matter for inquiry at the trial court level.

In an analogous case, the Supreme Court of Montana has ruled that a settlement agreement negotiated with a claims examiner for a state fund was not a full and final compromise settlement between the claimant and the fund, and hence was not binding on the fund. *Christenson v. Billings Livestock Commission Co.*, 201 Mont. 207, 653 P.2d 492 (1982).

In the instant case, the letter by a claims manager for the Montana State Compensation Insurance Fund could be binding on the fund. But the text of the letter points out that the fund's information regarding the claim is "stale." Other questions could be asked. Why, for example, should the fund suddenly send an unsolicited notice that it was accepting this case? The plaintiffs had not communicated with the Montana State Compensation Insurance Fund for several years. They had substantially changed their legal positions in reliance on the earlier denial of their claims. Indeed, they had lost a North Dakota claim they probably should not have pursued. The only communication between the Montana fund and the plaintiffs was the unilateral communication from the claims manager for the Montana fund that the fund belatedly had decided to accept liability for the claims. With no application for compensation pending, and no communication between the plaintiffs and the fund, certainly there could be no "meeting of the minds" to settle any claim.[2] Because it is not clear

---

1. We also are concerned with the policy implications if we were to encourage state workers' compensation funds to deny liability initially to wait and see if the claimant would sue for negligence, and only then, on the eve of a negligence trial, make a new decision to accept liability in order to limit the exposure of the employer-defendant.

2. We express no opinion as to facts that could make the opinion of an insurance adjuster binding. The defendant points out that there is no evidence that the workers' compensation claim

that workers' compensation will be afforded the plaintiffs and because of the track record of the fund in handling this case, the district court should have pursued a factual inquiry into the question whether the exclusivity provision of Mont. Code Ann § 39–71–411 has been triggered.

### III. Full Faith and Credit and the North Dakota Judgment

Defendant asserts that the North Dakota Workmen's Compensation Bureau's findings that the claimants were outside the scope and course of their employment at the time of the injury should be afforded full faith and credit under the U.S. Constitution, art. IV, § 1, and under 28 U.S.C. § 1738. This proposition is undoubtedly correct as to the specific matter decided. Defendant also asserts that the claim preclusive effect of the North Dakota compensation decision bars any further claim. This latter assertion does not necessarily follow, but it provides additional reasons to be skeptical about the real availability of Montana compensation, and the defense strategy employed in this case.

The plaintiffs argue that despite North Dakota's foreclosure of the scope of employment issue, that decision does not necessarily preclude other questions relating to vicarious tort liability. The district judge agreed. Tom Brown might have vicarious negligence liability even if the employee driving the car was not within the scope of employment for workers' compensation purposes. That is a question to be decided upon trial.

The Supreme Court has also said that policies underlying federal and state sovereignty could produce a result that a ruling in one state's workers' compensation system would not necessarily prevent another state from awarding a remedy under the second state's own workers' compensation system. *See Thomas v. Washington Gas Light Co.,* 448 U.S. 261, 286, 100 S.Ct. 2647, 2663, 65 L.Ed.2d 757 (1980).

> [A] State has no legitimate interest within the context of our federal system in preventing another State from granting a supplemental compensation award when that second State would have had the power to apply its workmen's compensation laws in the first instance. The Full Faith and Credit Clause should not be construed to preclude successive workmen's compensation awards.

*Id.*[3]

In *Pacific Employers Insurance Co. v. Industrial Accident Comm'n,* 306 U.S. 493, 501, 59 S.Ct. 629, 632, 83 L.Ed. 940 (1939), the Court said that the Full Faith and Credit Clause of article IV was not violated when a state applied its own workers' compensation statute to award a claimant for an injury suffered within the state. *Id.* *See also Kindle v. Cudd Pressure Control,* 792 F.2d 507, 510 (5th Cir.1986). Accordingly, it is possible that Montana will provide compensation.

Because the injury in this case occurred in Montana, that state has a potential interest in applying its workers' compensation scheme to fashion an award. *See* Mont. Code Ann. § 39–71–118 (1985) (statute applies to "each person *in this state* ... who is in the service of an employer" (emphasis added)).[4]

will not be paid by the fund, nor that the fund has refused to pay the claim or accept liability subsequent to the claims manager's letter. The point is, however, that the fund has not yet paid the claim nor has there been any final and binding resolution of the matter, other than the bare assertions of a claims manager.

**3.** Even though most of the full faith and credit cases involve supplemental awards (i.e., recovery in the first jurisdiction and attempts in other jurisdictions to gain additional awards), "the principles and policies underlying the full faith and credit clause and res judicata are the same

where, as here, the claimants failed to recover in the first jurisdiction." *Kindle v. Cudd Pressure Control, Inc.,* 792 F.2d 507, 514 n. 8 (5th Cir.1986).

**4.** In *Pacific Employers,* an employee, a Massachusetts resident, regularly employed in Massachusetts by a Massachusetts corporation, was injured in the course of his employment while temporarily working in California. Despite the fact that the Massachusetts workers' compensation scheme was an "exclusive remedy," the Full Faith and Credit Clause did not demand that California recognize its preclusive effect since

On remand, the district court should require the parties on the record to establish finally and conclusively whether Montana is prepared to pay workers' compensation. If so, the court should retain jurisdiction of the case until compensation is awarded. In the event compensation is awarded, the exclusive remedy clause may, indeed, require dismissal of the litigation. On the other hand, if the Montana fund changes its mind again and finds that some other defense bars recovery, the case will remain in the district court for a trial on the remaining negligence and vicarious liability claims pursuant to the trial court order of September 28, 1984.

Vacated and remanded.

California's own workers' compensation statute also was applicable because the injury occurred in that state. 306 U.S. at 497–502, 59 S.Ct. at 630–33. Montana's connections to plaintiffs are equally important.