Jay Lines, Inc. and Commercial Union Assurance Company, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Charles Manuel, Respondents.

Carolyn Sue Haddock, on Behalf of Herself and Her Minor Children, Intervenors.

Argued December 17, 1981, before President Judge Crumlish, Jr. and Judges Rogers and Craig, sitting as a panel of three.

300

*Frederick C. Trenor, II, Meyer, Darragh, Buckler, Bebenek & Eck,* for petitioners.

No appearance for respondents.

*Samuel W. Braver,* with him *John S. Brendel, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, Professional Corporation,* for intervenors.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 23, 1982:

Jay Lines, Inc., appeals a Workmen's Compensation Appeal Board order awarding death benefits[1] to the wife and minor children of David Haddock. We affirm.

Haddock, a Missouri resident, was killed in Pennsylvania when he was operating a truck which he owned and leased to Jay Lines, a Texas corporation.

Our scope of review where the party with the burden of proof has prevailed below is limited to determining whether constitutional rights were violated, an error of law was committed, or the necessary findings of fact were supported by substantial evidence. *D. L. Clark Co. v. Workmen's Compensation Appeal Board,*

---

[1] The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §561.

49 Pa. Commonwealth Ct. 535, 537, 411 A.2d 1269, 1270 (1980).

Jay Lines first asserts that the referee erred, as a matter of law, in concluding that an employer-employee relationship existed between itself and the decedent.

The existence of the employer-employee relationship is a legal question. *Martin Trucking Co. v. Workmen's Compensation Appeal Board,* 30 Pa. Commonwealth Ct. 367, 373 A.2d 1168 (1977). There is no formula for determining the existence of an employer-employee relationship; each case must be determined on the factual matrix.[2] *J. Miller Co. v. Mixter,* 2 Pa. Commonwealth Ct. 229, 277 A.2d 867 (1971). Numerous factors must be considered, with the crucial test being whether the alleged employer assumes control of the work to be done and the manner in which it is performed. *Heilner v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 494, 393 A.2d 1085 (1978).

The record reveals that the decedent was an employee of Jay Lines and this finding is supported by substantial evidence. The referee found that: 1) the decedent, as a condition of his employment, was required to undergo a company training period to familiarize himself with Jay Lines' operations; 2) he was furnished with a driver's identification card, not

---

[2] The Court listed certain indicia of an employer-employee relationship:

> [C]ontrol of the manner in which the work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by time or by job; whether work is a part of regular business,of the employer, and also the right of the employer to terminate the employment at any time.

*J. Miller Co.* at 232, 277 A.2d at 867.

required by the I.C.C., which bore the following: "Dave Haddock is a bonafide [sic] employee of Jay Lines, Inc.;" 3) he was issued an operations manual, also not required by I.C.C., which indicated that Jay Lines considered itself to be his employer; 4) he was required to call the main office every day while on the road or be fined by Jay Lines; 5) he wore uniform like clothing with "Jay Lines, Inc." on it; 6) his vehicle bore the name "Jay Lines, Inc."

Jay Lines further contends that it is a violation of the due process and full faith and credit clauses of the U. S. Constitution to apply Section 101 of The Pennsylvania Workmen's Compensation Act,[3] in this situation, since the only connection between Pennsylvania and the employment relationship is that the decedent's death occurred within Pennsylvania.

This issue is controlled by[4] *Pacific Employers Insurance Co. v. Industrial Accident Commissioner of the State of California,* 306 U.S. 493 (1939). In that case, the injury occurred in California during a Massachusetts employee's temporary stay. The Court held:

> [T]he conclusion is unavoidable that the full faith and credit clause does not require one state to substitute for its own statute, applicable to persons and events within it, the conflicting statute of another state, even though that stat-

---

[3] Section 101 provides:

That this act shall be called and cited as The Pennsylvania Workmen's Compensation Act and shall apply to all injuries occurring within this Commonwealth, irrespective of the place where the contract of hiring was made, renewed, or extended, and extraterritorially as provided by Section 305.2, 77 P.S. §1.

[4] Jay Lines relies upon *Griffith v. United Airlines, Inc.,* 416 Pa. 1, 203 A.2d 796 (1964), which is inapposite. *Griffith* does not discuss full faith and credit, due process or any other constitutional issue. Thus, we fail to see its applicability in this case.

ute is of controlling force in the courts of the state of its enactment with respect to the same persons and events.

306 U.S. at 502.

We conclude that Section 101 of The Pennsylvania Workmen's Compensation Act does not contravene the due process and full faith and credit clauses of the United States Constitution.

Affirmed.

### ORDER

The Workmen's Compensation Appeal Board order, No. A-78173, dated November 6, 1980, is affirmed, and judgment is entered in favor of Carolyn Sue Haddock, widow of David Haddock, and her minor children, against Jay Lines, Inc., at the rate of $199.00 per week, commencing July 11, 1977, and continuing within the limitations of the Workmen's Compensation Act, with interest on all deferred payments of compensation at the rate of ten percent (10%) per annum. Further, attorney's fees are awarded to Samuel W. Braver, Esquire, and John S. Brendel, Esquire, 57th Floor, 600 Grant Street, Pittsburgh, Pennsylvania 15219, at the rate of twenty percent (20%) of the entire award, and petitioner or its insurance carrier is directed to deduct this award at the rate of twenty percent (20%) of the $199.00 per week and forward the same to counsel.

The petitioner and/or its insurance carrier, is ordered to reimburse the claimant for the following expenses:

| | | |
|---|---|---|
| (a) | Funeral expenses | $1,500.00 |
| (b) | Fulton County Medical Center | 96.95 |
| (c) | Ambulance Service | 18.75 |
| (d) | Dr. Milroth | 50.00 |
| (e) | Stenographic Costs | 171.00 |
| (f) | Witness and traveling fees for George McWilliams from Texas | 639.32 |

Judges MENCER and PALLADINO did not participate in the decision in this case.