William Rock, Petitioner *v.* Workmen's Compensation Appeal Board (Youngstown Cartage Company), Respondents.

Submitted on briefs September 12, 1985, to Judges CRAIG and MACPHAIL, and Senior Judge BLATT, sitting as a panel of three.

*Lawrence R. Chaban, Yablonski, King, Costello & Leckie,* for petitioner.

*S. James Goldman, P. C.,* Assistant Chief Counsel, for respondents, State Workmen's Insurance Fund.

OPINION BY JUDGE MACPHAIL, October 30, 1985:

William Rock (Claimant) appeals here an order of the Workmen's Compensation Appeal Board (Board) upholding a referee's decision dismissing his claim petition for benefits under The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1066. We will vacate and remand the case for further findings.

Claimant, a resident of Pennsylvania, was hired by Youngstown Cartage Company (Employer) at its corporate office in Youngstown, Ohio on May 12, 1979, as a truck driver. On May 16, 1979, Claimant signed a form agreement in Ohio provided by Employer that stated, in pertinent part, that (1) this form agreement was to be used only in cases where the workmen's compensation law of the State of Ohio is to be the exclusive remedy and (2) where

> there is the possibility of conflict, with respect to the application of workmen's compensation laws because the contract of employment is entered into and all or some portion of the work is or is to be performed in a state or states other than Ohio, the employer and the employee may agree to be bound by the laws of this state or by the laws of some other state in which all or

some portion of the work of the employee is to be performed. Such agreement shall be in writing . . . . If the agreement is to be bound by the laws of this state . . . then the employee is entitled to compensation and benefits . . . and the rights of the employee and his dependents under the laws of this state shall be the exclusive remedy against the rights of the employer on account of injury, disease, or death in the course of and arising out of his employment.

The agreement further provides:

The parties to this agreement represent to the Bureau of Workmen's Compensation and the Industrial Commission of Ohio that there is possibility of conflict with respect to the application of the Workmen's Compensation Laws because the contract of employment is entered into and all or some portion of the work is, or is to be, performed in different states. . . .

Therefore, . . . the employer and said employees mutually agree to be bound by the Workmen's Compensation Law of the State of Ohio; and it is mutually agreed that . . . the rights of the employee or his, or their, dependents under the laws of the State of Ohio shall be the exclusive remedy against the employer on account of injury, disease or death in the course of and arising out of employment.

Claimant also signed a form entitled "Supplement to Contract of Hire", the essence of which is that Claimant agrees to be bound by the State of Ohio's workmen's compensation provisions.[1]

---

[1] The "Supplement to Contract of Hire" states in full:

I, William J. Rock. Jr., UNDERSTAND THAT I have been hired and employed by the Youngstown Cartage Company in the State of Ohio to perform truck driving duties

Claimant sustained an injury to his back on May 9, 1980, and applied for and received workmen's compensation benefits from the State of Ohio. In April, 1981, Claimant filed a claim petition for workmen's compensation benefits under Pennsylvania law. After conducting several hearings, the referee concluded that Claimant had elected the Workmen's Compensation Law of the State of Ohio as his exclusive remedy and dismissed Claimant's petition.

The Board, without taking additional evidence, affirmed the decision of the referee, relying on Section 305.2(d)(5) of the Act, 77 P.S. §411.2(d)(5), added by the Act of December 5, 1974, P.L. 782. Section 305.2 (d)(5) of the Act provides that:

> An employee whose duties require him to travel regularly in the service of his employer in this and one or more other states may, by written agreement with the employer, provide that his employment is principally localized in this or another such state, and, unless such other state refuses jurisdiction, such agreement shall be given effect under this act.

In affirming the referee, the Board reasoned that "The parties made an agreement. The agreement was in writing. Ohio has not refused jurisdiction. Therefore, if the agreement is to be given effect in Penn-

---

engaged in Interstate commerce activities, that I will be paid from the principal offices of the company in the State of Ohio and that my truck operations will be supervised and controlled from the Central dispatching operations offices located in Youngstown, Ohio.

Further, I understand and agree that I am subject to the provisions of the Workmen's and Unemployment Compensation Acts of the State of Ohio. In the event of injury, I understand and agree that claims will be filed and my rights will be governed by the provisions of the Workmen's and Unemployment Compensation Acts of the State of Ohio.

sylvania, the Ohio jurisdiction over Claimant's workmen's compensation claim must be deemed exclusive.''

In this appeal, Claimant argues that Section 305.2 (d)(5) of the Act authorizes agreements only as to where employment is to be principally localized and not as to which states' workmen's compensation laws are to be the employee's exclusive remedy. We agree that Section 305.2(d)(5) of the Act applies only in circumstances where the agreement states that employment is to be principally localized in a specific state. The focus of Section 305.2(d)(5) is on the employee's employment and not on the employer. *Interstate Carriers Cooperative v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 288, 443 A.2d 1376 (1982). The agreement and "Supplement to Contract of Hire'' do not, in our view, amount to an agreement providing that Claimant's employment was to be principally localized in Ohio. The supplemental agreement, in fact, specifies that Claimant will be performing truck driving duties "engaged in *Interstate* commerce activities''.

In order for Claimant to be eligible to receive workmen's compensation benefits for a work-related injury which occurred outside of Pennsylvania,[2] he must show that:

(1)   His employment is principally localized in this state, or

(2)   He is working under a contract of hire made in this State in employment not localized in any state, or

---

[2] Section 305.2(b), 77 P.S. §411.2(b) provides that:

(b)   The payment or award of benefits under the workmen's compensation law of another state, territory, province or foreign nation to an employe or his dependents otherwise entitled on account of such injury or death to the benefits of this act shall not be a bar to a claim for benefits under this act; provided that claim under this act is filed within three years after such injury or death.

(3)   He is working under a contract of hire made in this State in employment principally localized in another state whose workmen's compensation law is not applicable to his employer, or

(4)   He is working under a contract of hire made in this State for employment outside the United States and Canada.

Section 305.2(a) of the Act, 77 P.S. §411.2(a).

Claimant is working under a contract of hire made in Ohio, not in Pennsylvania. Therefore, in order to recover here, Claimant must rely on Section 305.2 (a)(1) and prove that his employment was principally localized in Pennsylvania. *See, e.g., Interstate Carriers Cooperative; Loomer v. Workmen's Compensation Appeal Board,* 36 Pa. Commonwealth Ct. 591, 388 A.2d 788 (1978).

Section 305.2(d)(4) of the Act provides that:

A person's employment is principally localized in this or another state when (i) *his employer has a place of business in this or other state and he regularly works at such or from such place of business,* or (ii) having worked at or from such place of business, his duties have required him to go outside of the State not over one year, or (iii) clauses (1) and (2) foregoing are not applicable, he is domiciled and spends a substantial part of his working time in the service of his employer in this or such other state.

77 P.S. §411.2(d)(4). (Emphasis added.) Because both the referee and the Board proceeded on the erroneous conclusion that Section 305.2(d)(5) of the Act controlled the issue presented here and did not determine where Claimant's employment was prin-

cipally localized, we must remand this case for further findings to enable us to perform our appellate review. *Negron v. Workmen's Compensation Appeal Board (United Store Fixture Mfg. Co.)*, 80 Pa. Commonwealth Ct. 258, 471 A.2d 587 (1984).

### ORDER

The order of the Workmen's Compensation Appeal Board, No. A-83529, dated April 18, 1983, is vacated and the case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.