572 A.2d 1307

**Thomas M. MARTIN, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (UNITED STATES STEEL CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 14, 1989.

Decided March 27, 1990.

John J. Warenda, Morrisville, for petitioner.

Martha R. Conley, with her, Robert C. Jones, Pittsburgh, for respondent.

Before CRAIG, McGINLEY and SMITH, JJ.

McGINLEY, Judge.

Thomas M. Martin (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) reversing a referee's award of benefits to Claimant for the length of his disability at the rate of $242.00 per week and dismissing Claimant's appeal. We reverse and remand.

The facts are undisputed. Claimant was injured in Pennsylvania on September 5, 1980, when he fell approximately fourteen feet onto a steel deck while employed for U.S. Steel's American Bridge Division in Fairless Hills, Pennsyl-

vania (Employer). Claimant subsequently became disabled due to organic brain damage. On May 22, 1981, Employer filed a "Notice of Workmen's Compensation Denial" in Pennsylvania, questioning the causal relationship between Claimant's disability and the injury. In June 1981, Claimant, a New Jersey resident at the time of his injury, filed a New Jersey claim petition with the New Jersey Division of Workmen's Compensation. By order dated December 9, 1981, Claimant was awarded disability benefits at a rate of $185.00 per week, medical treatment, and certain costs.

On August 15, 1985, Claimant filed a claim petition for the September 5, 1980, injury in Pennsylvania under The Pennsylvania Workmen's Compensation Act (Act).[1] Before the referee, Employer challenged the jurisdiction of the Pennsylvania referee and the only record made before the referee was on the issue of jurisdiction. By order dated July 17, 1987, the referee awarded benefits to Claimant at a rate of $242.00 per week from April 30, 1981. Cross-appeals followed: the Claimant appealed seeking an order for attorney fees and for interest; the Employer appealed arguing that Claimant's petition was time-barred. The Board reversed the referee's award based upon Section 305.2(b) of the Act, 77 P.S. § 411.2(b).[2]

Claimant argues that the payment of an award of benefits under the workmen's compensation laws of another state, for a time period in excess of three years, does not bar a Pennsylvania employee's claim for the same injury under the Act. Claimant maintains that the statute of limitations set forth in Section 305.2(b) of the Act does not apply because Claimant's injury occurred in Pennsylvania, is not extraterritorial, and, pursuant to Section 315 of the

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.
2. Employer raised four legal issues before the Board: 1. that Claimant's action is barred under the doctrine of res judicata; 2. that the referee erred in making Employer liable in two states; 3. that the referee cannot terminate New Jersey benefits; and 4. that the Pennsylvania claim is barred by the statute of limitations. The Board only considered Employer's fourth argument.

Act, 77 P.S. § 602, the actions of Employer must toll the statute of limitations.

The principle issue presented is whether the Board erred in interpreting Section 305.2(b) of the Act as barring Claimant, due to the running of the statute of limitations, from claiming benefits in Pennsylvania four years and eight months after the date of injury, having filed a claim petition in another state and having received benefits under that state's law.

■ Our scope of review is limited to determining whether the Board committed an error of law, failed to make fact findings supported by substantial evidence, or violated constitutional rights. *Lawrence v. Workmen's Compensation Appeal Board (Commercial Lovelace Motor Freight, Inc./Banner Industries & Workers)*, 125 Pa.Commonwealth Ct. 701, 559 A.2d 67 (1989).

Section 305.2 of the Act provides, in pertinent part:

(a) If an employee, while working outside the territorial limits of this State, suffers an injury on account of which he, or in the event of his death, his dependents, would have been entitled to the benefits provided by this act had such injury occurred within this State, such employe, or in the event of his death resulting from such injury, his dependents shall be entitled to the benefits provided by this act, provided that at the time of such injury:

(1) His employment is principally localized in this State, or

(2) He is working under a contract of hire made in this State in employment not principally localized in any state, or

(3) He is working under a contract of hire made in this State in employment principally localized in another state whose workmen's compensation law is not applicable to his employer, or

(4) He is working under a contract of hire made in this State for employment outside the United States and Canada.

(b) *The payment or award of benefits under the workmen's compensation law of another state, territory, province or foreign nation to an employe or his dependents otherwise entitled on account of such injury or death to the benefits of this act shall not be a bar to a claim for benefits under this act; provided that claim under this act is filed within three years after such injury or death.* If compensation is paid or awarded under this act.... (Emphasis added.)

 The Board determined that Section 305.2 of the Act applied and found:

There is no title to the section which would limit the section as the Claimant contends. The section is divided into four subsections which deal with the relationship between Pennsylvania's workers' compensation statute and the comparable statutes of other jurisdictions. In this case the meaning is clear in its requirement that the claimant file within three years. The Claimant's petition was filed well beyond the three year statute of limitations.

Board's Opinion, March 27, 1989, at 4. We must ascertain the intention of the General Assembly and recognize the presumption that the General Assembly intends the entire statute to be effective. 1 Pa. C.S. § 1922(2). Sections of a statute must be construed with reference to the entire statute, not alone or out of context, and to give effect to all provisions. The Board ignored the General Assembly's expressed intent that Section 305.2 is limited to situations involving extraterritorial injuries. 1 Pa. C.S. § 1924. By doing so the Board also fails to give effect to Section 315 of the Act. Section 305.2 and Section 315 are to be read together. The former section provides a limitation of three years on claims for extraterritorial injuries. Without any limitation to the geographical site of the injury, the latter specifically provides that where compensation payments have been made the three year statute of limitation shall not take effect until the expiration of three years from the time of the most recent payment prior to the filing of the

claim petition. The facts of the controversy *sub judice* do not create a conflict between the sections.

Section 101 of the Act, 77 P.S. § 1 provides "[t]hat this act shall be called and cited as The Pennsylvania Workmen's Compensation Act, and *shall apply to all injuries occurring within this Commonwealth,* irrespective of the place where the contract of hiring was made, renewed, or extended, and *extraterritorially as provided by section 305.2."* (Emphasis added.)

In *Rock v. Workmen's Compensation Appeal Board (Youngstown Cartage Company),* 92 Pa.Commonwealth Ct. 491, 494, 500 A.2d 183, 185 (1985), the Claimant, a Pennsylvania resident, was injured in Ohio, the place of his employment. Claimant "applied for and received workmen's compensation benefits from the State of Ohio." Claimant then filed a claim petition for workmen's compensation benefits under The Pennsylvania Workmen's Compensation Act. The referee dismissed the Claimant's petition and the Board affirmed relying on Section 305.2(d)(5), of the Act, 77 P.S. § 411.2(d)(5). In *Rock,* we determined that "the referee and the Board proceeded on the erroneous conclusion that Section 305.2(d)(5) of the Act controlled the issue ... and did not determine where Claimant's employment was principally localized...." *Id.,* 92 Pa.Commonwealth Ct. at 496–497, 500 A.2d at 186. However, in *Rock* we noted that "[i]n order for Claimant to be eligible to receive workmen's compensation benefits for a work-related injury which occurred outside of Pennsylvania", Claimant had to show that he met certain criteria found in Section 305.2(a) of the Act. *Id.* at 495–496, 500 A.2d at 185–186. (Footnote omitted.)

In *American Mutual Insurance Company v. Workmen's Compensation Appeal Board (Davenport and Natural Marble & Onyx Company),* 108 Pa.Commonwealth Ct. 345, 530 A.2d 121 (1987) Robert Davenport, a Pennsylvania resident, worked as a marble worker for an Illinois company. While in the course of his employment, Davenport fell from a building in Philadelphia and "suffered brain injuries ... which caused his death." *Id.,* 108 Pa. Commonwealth Ct. at 347, 530 A.2d at 122. We concluded

among other things that American Mutual was responsible for the payment of compensation benefits under Illinois law. Although not argued or briefed in *American Mutual Insurance Company,* we noted that American Mutual may also have been responsible for workmen's compensation benefits under Pennsylvania law pursuant to Section 101 of the Act. *Id.,* 108 Pa.Commonwealth Ct. at 348, n. 3, 530 A.2d at 123, n. 3.

Because Claimant's injury occurred in Pennsylvania, Section 315 of the Act controls:

> In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition.... *Where, however, payments of compensation have been made in any case, said limitations shall not take effect until the expiration of three years from the time of the making of the most recent payment prior to date of filing such petition:* Provided, That any payment made under an established plan or policy of insurance for the payment of benefits on account of non-occupational illness or injury and which payment is identified as not being workmen's compensation shall not be considered to be payment in lieu of workmen's compensation, and such payment shall not toll the running of the Statute of Limitations ... (Emphasis added.)

A review of the record reveals that the Employer had notice of Claimant's injury on the day of its occurrence and that it has an ongoing knowledge of Claimant's disability. (Finding of Fact No. 6.) This is evidenced by the Employer's payment of compensation benefits to the Claimant under the New Jersey Workmen's Compensation Act. (Defendant's Answer To Claim Petition, September 18, 1985, No. 13, Reproduced Record at 3a.)

> '[P]ayments of compensation' means *any* voluntary or informal compensation, apart from the Act, paid *with the intent* to compensate for a work-related injury. *Chase v. Emery Manufacturing Co.,* 271 Pa. 265, 113 A. 840 (1921).

*NUS Corporation v. Workmen's Compensation Appeal Board (Garrison)*, 119 Pa.Commonwealth Ct. 385, 389, 547 A.2d 806, 809 (1988). Because of the ongoing payment of benefits under the New Jersey workmen's compensation law the three year statute of limitations is tolled and the Claimant's petition for compensation benefits under the Act is not barred.[3]

Additionally, the referee correctly concluded that the Claimant was not entitled to attorney fees. We have previously held "that where a claimant has failed to request counsel fees, the referee is precluded from assessing such fees *sua sponte.*" *Daugherty v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.)*, 97 Pa. Commonwealth Ct. 142, 145, 510 A.2d 147, 148 (1986). However, we find that the referee erred by denying interest. The Claimant is entitled to the interest on the compensation award because "[i]nterest awards under Section 406.1 [of the Act, 77 P.S. § 717.1,] are not intended as a penalty [and] we have held that interest would be awarded on due and unpaid compensation, notwithstanding a reasonable contest as to whether claimant was entitled to workers' compensation." *Jones & Laughlin Steel Corporation v. Workmen's Compensation Appeal Board (West)*, 62 Pa. Commonwealth Ct. 424, 431, 437 A.2d 771, 774 (1981). In this regard, the referee correctly determined that the Employer is entitled to credit for payments made and credited the Employer with $185.00 per week for each week compensation was paid. Interest is only owing on due and unpaid compensation.

We reverse and remand for a computation of benefits and interest.

## ORDER

AND NOW, this 27th day of March, 1990, the order of the Workmen's Compensation Appeal Board dated March

3. Because of our determination that the Claimant's petition for compensation is not time barred we do not reach the merits of whether the Employer is estopped from asserting the statute of limitations.

27, 1989, at Docket No. A–94495, is reversed and this matter remanded to the Board so that it may remand to the referee for a computation of benefits and interest.

Jurisdiction relinquished.