624 A.2d 727

**ROBERT M. NEFF, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BURR), Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 1, 1993.

Decided April 14, 1993.

46

Robert F. Young, for petitioner.

J. Scott Leckie and John W. Bitonti, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Robert M. Neff, Inc. (Employer) appeals an order of the Workmen's Compensation Appeal Board (Board) awarding William Burr (Claimant) Pennsylvania Workmen's Compensation[1] benefits as a supplement to the primary award of benefits under the Ohio Worker's Compensation system.

1. The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

Employer's principal place of business is in Ohio. Claimant is a Pennsylvania resident and has worked for Employer since 1985 solely at its Mars, Pennsylvania location. When Employer hired Claimant, he signed an agreement with Employer purportedly pursuant to Ohio Rev.Code Ann. § 4123.54 (Baldwin 1992),[2] providing that Ohio's Worker's Compensation Law was the exclusive remedy for any work-related injury claim. Employer did not carry Pennsylvania Workmen's Compensation insurance and had not filed a certificate documenting coverage in another state. Section 305.2(c) of the Act, 77 P.S. § 411.2(c).[3]

In 1988, Claimant was injured in a work-related accident while working at Employer's Mars, Pennsylvania location. He began receiving workmen's compensation benefits through the Ohio Industrial Commission, Bureau of Worker's Compensation. In 1989, Claimant filed a Pennsylvania petition for

2. Ohio Rev.Code § 4123.54 provides:

Whenever, with respect to an employee of an employer who is subject to and has complied with sections [sic] this chapter, there is possibility of conflict with respect to the application of workers' compensation laws because the contract of employment is entered into and all or some portion of the work is or is to be performed in a state or states other than Ohio, the employer and the employee may agree to be bound by the laws of this state or some other state in which all or some portion of the work is to be performed. * * * If the agreement is to be bound by the laws of this state and the employer has complied with this chapter, then the employee is entitled to compensation and benefits regardless of where the injury occurs or the disease is contracted and the rights of the employee and his dependents under the laws of this state shall be the exclusive remedy against the employer.

3. This section was added by Section 9 of the Act of December 5, 1974, P.L. 782. It provides:

If an employe is entitled to the benefits of this act by reason of an injury sustained in this State in employment by an employer who is domiciled in another state and who has not secured the payment of compensation as required by this act, the employer or his carrier may file with the director a certificate, issued by the commission or agency of such other state having jurisdiction over workmen's compensation claims, certifying that such employer has secured the payment of compensation under the workmen's compensation law of such other state and that with respect to said injury such employe is entitled to the benefits provided under such law.

compensation, noting that he was receiving compensation under the Ohio Law but seeking Pennsylvania jurisdiction over his claim and Pennsylvania benefits for his injury. Employer contested the petition, contending that the claim should be denied because of the agreement providing that Ohio's compensation law was to be the exclusive remedy and Section 305.2(b) of the Act recognized such agreements.[4]

Even though Claimant had signed an agreement providing for exclusive jurisdiction in Ohio, the Referee determined that Pennsylvania had jurisdiction over the claim because Claimant lived in Pennsylvania and worked only at Employer's Pennsylvania location. The Referee then determined that Claimant was entitled to $246.18 per week in Pennsylvania benefits. Because that was equal to what he was receiving in Ohio benefits, Claimant was not entitled to any additional Pennsylvania wage-loss benefits. *See* Section 305.2(b) of the Act, 77 P.S. § 411.2.

4. Section 305.2(b), 77 P.S. § 411.2(b), provides:

The payment or award of benefits under the workmen's compensation law of another state, territory, province or foreign nation to an employe or his dependents otherwise entitled on account of such injury or death to the benefits of this act shall not be a bar to a claim for benefits under this act; provided that claim under this act is filed within three years after such injury or death. If compensation is paid or awarded under this act:

(1) The medical and related benefits furnished or paid for by the employer under such other workmen's compensation law on account of such injury or death shall be credited against the medical and related benefits to which the employe would have been entitled under this act had claim been made solely under this act.

(2) The total amount of all income benefits paid or awarded the employe under such other workmen's compensation law shall be credited against the total amount of income benefits which would have been due the employe under this act, had claim been made solely under this act.

\* \* \* \* \* \*

Nothing in this act shall be construed to mean that coverage under this act excludes coverage under another law or that an employe's election to claim compensation under this act is exclusive of coverage under another state act or is binding on the employe or dependent, except, perhaps to the extent of an agreement between the employe and the employer or where employment is localized to the extent that an employe's duties require him to travel regularly in this State and another state or states.

However, based on the differences in medical coverage available from Ohio and under the Act,[5] the Referee determined that Claimant was entitled to supplemental benefits under the Act for those unpaid medical bills previously submitted to and rejected by the Ohio Industrial Commission. The Referee ordered that in the future, Claimant was to submit medical bills first to the Ohio Industrial Commission and then to Employer for any unpaid portions. Based on our holding in *Rock v. Workmen's Compensation Appeal Board (Youngstown Cartage Co.)*, 92 Pa.Commonwealth Ct. 491, 500 A.2d 183 (1985), that Section 305.2(d)(5)[6] of the Act only authorizes agreements to fix where the place of employment for "traveling employees" is to be considered "principally localized", but not one that provides another state with exclusive jurisdiction over a claim for an injury that occurs in Pennsylvania, the Referee found that Employer's contest under Section 305.2(b) was unreasonable and awarded Claimant attorney fees.

Both Employer and Claimant appealed the order to the Board. Employer appealed the Referee's decision awarding Pennsylvania benefits and attorney fees, while Claimant appealed the requirement that he first submit his medical bills to the Ohio Industrial Commission. The Board affirmed the Referee's decision, finding that the agreement was not controlling and awarded Claimant attorney fees, but modified the

5. The Act provides that an employer is responsible for payment of all reasonable medical expenses related to the compensable injury. Section 306(e), 77 P.S. § 531. The Ohio system requires that health care providers submit bills directly to the Bureau of Worker's Compensation in a standardized form and under specific procedures prescribed by the Bureau. Rev.Code § 4121.44; Ohio Admin.Code §§ 4123-7-05, 07 & 17. The Ohio regulations also impose a fee schedule on the amounts payable for certain medical services. Ohio Admin.Code §§ 4123-07-03 & 23.

6. Section 305.2(d)(5), 77 P.S. § 411.2(d)(5), provides:

An employee whose duties require him to travel regularly in the service of his employer in this and one or more other states may, by written agreement with the employer, provide that his employment is principally localized in this or another such state, and, unless such other state refuses jurisdiction, such agreement shall be given effect under this act.

order by deleting the requirement that Claimant first submit his medical bills to the Ohio Industrial Commission. The Board found that this requirement placed an unreasonable burden on Claimant. Because the Act does not require a claimant to first file under the compensation system of another state to receive payment for future medical bills that would be covered under the Act in the first instance, it reasoned that Claimant should not now be forced to submit his bills to the Ohio system, especially where the amount and method by which medical providers are paid is at odds with Pennsylvania procedures.[7]

■ Employer contends that both the Referee and Board erred in awarding supplemental benefits, because Section 305.2(b) of the Act permits an employer and employee, prior to an injury, to enter into an agreement that a state other than Pennsylvania will have exclusive jurisdiction over workmen's compensation claims. This is true, it contends, even where the employee works only in and is a resident of Pennsylvania. Employer bases this assertion on the language in Section 305.2(b) providing that "[n]othing in this act shall be construed to mean this act excludes coverage under another law ... except, perhaps, to the extent of an agreement between the employe and the employer...." Employer further contends that the Full Faith and Credit Clause of the United States Constitution [8] also requires Pennsylvania to give effect to the Ohio statute authorizing an employer and employ-

7. Our scope of review is whether there has been a violation of constitutional rights, an error of law occurred, or whether necessary facts are supported by substantial evidence. *Majesky v. Workmen's Compensation Appeal Board (Transit America)*, 141 Pa.Commonwealth Ct. 398, 595 A.2d 761 (1991).

8. U.S. Const. Art. IV § I:

Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records, and Proceedings shall be proved, and the Effect thereof.

Implementing legislation for the Full Faith and Credit Clause can be found at 28 U.S.C. § 1738.

ee to elect Ohio law as the exclusive remedy for a workmen's compensation claim.

Employer's reliance on subsection 305.2(b) for the proposition that employees may enter into such agreements is misplaced when the section is read as a whole. Subsection 305.2(a) specifically provides benefits to a claimant otherwise entitled to benefits when he or she is injured working outside of Pennsylvania and:

- His employment is principally localized in this State, or
- He is working under a contract of hire made in this State in employment not principally localized in any state, or
- He is working under a contract of hire made in this State in employment principally localized in another state whose workmen's compensation law is not applicable to his employer, or
- He is working under a contract for hire made in this State for employment outside the United States and Canada.

In enacting this provision, the General Assembly provided that an injured employee otherwise covered by the Act remains covered no matter where his or her employer is principally localized. This furthers the overall purpose of the Act to provide benefits to employees who suffer work-related injuries resulting in a loss of earnings,[9] and the Commonwealth's interest in insuring that the benefits received by its disabled workers are sufficient to sustain them during the duration of their disability.

When read in conjunction with subsection 305.2(a), subsection 305.2(b) does not authorize agreements providing for exclusive jurisdiction in another state. Instead, it provides that any payments received by a claimant from another state are credited against benefits sought and compensable in Pennsylvania.[10] In decisions interpreting this provision, we noted

9. *U.S. Steel Corporation v. Workmen's Compensation Appeal Board,* 62 Pa.Commonwealth Ct. 502, 437 A.2d 92 (1981).

10. For example, if a claimant had received a weekly award of $150 per week from state X and then filed a claim in Pennsylvania and was found to be entitled to an award of $200 per week, the $150 from state X

that a disabled worker entitled to compensation under the Act is guaranteed to receive not less than the amount provided for in the Act, regardless of where he or she may have first filed for benefits.[11]

Consequently, Employer's interpretation that Section 305.-2(b) permits agreements vesting exclusive jurisdiction over workmen's compensation claims in another state is erroneous. The only agreements between an employer and employee permitted by Section 305.2(b) are "perhaps"[12] those where:

- a constantly traveling employee, like a truck driver, with contacts with Pennsylvania as set forth in section (a) elects exclusive Pennsylvania jurisdiction; or

- a constantly traveling employee agrees to designate a location as the principle place of employment for purposes of jurisdiction.

■ Section 305.2(b) does not authorize employers to enter into agreements with employees otherwise covered by Pennsylvania law and subsequently injured in Pennsylvania to bind them to significantly lower benefit amounts or medical coverage in another state. The use of the term "perhaps" perhaps indicates that those agreements authorized by this subsection are not controlling in particular factual settings.

would be credited against the $200 Pennsylvania award, and the claimant would receive a supplemental payment of $50 per week from Pennsylvania.

11. *See, e.g., Martin v. Workmen's Compensation Appeal Board (U.S. Steel Corporation),* 132 Pa.Commonwealth Ct. 370, 377–78, 572 A.2d 1307, 1310–11 (1990) (holding that the Board erroneously failed to toll the three year statute of limitations and did not address the issue below, we found that because claimant, a resident of New Jersey, was hired by a Pennsylvania corporation and was employed and injured in Pennsylvania, Section 305.2 applied and claimant was entitled to have his New Jersey benefits supplemented by Pennsylvania benefits); *American Mutual Insurance Company v. Workmen's Compensation Appeal Board,* 108 Pa.Commonwealth Ct. 345, 348, n. 3, 530 A.2d 121, 123, n. 3 (1987) (even though not an issue in this case, we noted that because claimant was a resident of Pennsylvania and hired by an Illinois corporation for employment in Pennsylvania, the employer's Illinois insurer may be liable for supplemental Pennsylvania benefits).

12. The term "perhaps" is contained in Section 305.2(b). *Supra* at n. 4.

Finally, while the General Assembly has mandated that employers operating in Pennsylvania subscribe to the workmen's compensation system providing penalties for a failure to do so,[13] it also prohibited an employer entering into a future agreement with an employee to "vary" the amount to be paid ... under this Act and terms to the contrary "shall be wholly null and void", Section 410, 77 P.S. § 731, that would affect his or her future rights to compensation under the Act. Nothing in the language of Section 305.2(b) creates an exception to this prohibition. To hold otherwise would permit employers to require applicants and employees to waive statutory rights to obtain benefits under the Act, which is clearly contrary to the clear language of Section 410.

■ Employer argues that an interpretation of Section 305.2(b) that does not recognize its agreement with Claimant that Ohio has jurisdiction over compensation claims fails to properly accord the Full Faith and Credit Clause of the United States Constitution to the Ohio Rev.Code § 4123.54. This is an erroneous interpretation by Employer of the Ohio Code and what is required by the Full Faith and Credit Clause.

According to the courts of Ohio, R.C. § 4123.54 permits employees to waive Ohio jurisdiction over a claim when and only when there is full compliance with all provisions and requirements of the section, and permits Ohio residents working out-of-state to elect Ohio coverage of compensation claims.[14] There is no authority for Employer's proposition

13. Section 301(a), 77 P.S. § 431; Section 305, 77 P.S. § 501.

14. *Banta v. Daugherty*, 70 Ohio App.2d 78, 434 N.E.2d 1103 (1980). The Court of Appeals held the requirement that employee-employer agreements be in writing and submitted to the Ohio Industrial Commission was mandatory in order to assure that the agreement was free, intelligent and voluntary. The court stated that otherwise, "employees had virtually no choice but to sign whatever agreement the employer puts before him. The employer, on the other hand, is perfectly free to pick whichever state is most to its advantage." In *Skiba v. Mayfield*, 61 Ohio App.3d 373, 572 N.E.2d 808 (1989), the Court of Appeals held that R.C. § 4123.54 "provides that an employer and an employee may agree to be bound by the worker's compensation laws of another state whenever there is a possibility of conflict with respect to the application

that the Ohio statute permits an employer to enter into an agreement in Pennsylvania with a Pennsylvania resident working in Pennsylvania, binding the employee to Ohio law. To the contrary, this is the type of agreement from which the *Banta* court stated that the Ohio statute sought to protect its workers.

█ Even if Employer's interpretation was correct and the Ohio statute authorized such an agreement, because Section 305.2(b) credits payments Claimant received from Ohio, there is no Full Faith and Credit conflict with Ohio law. Employer is not required to ignore Ohio law, it is only required to provide the level of benefits required by Pennsylvania law. The Ohio appeals court has noted that R.C. § 4123.54 also recognizes that at times, there may be concurrent jurisdiction with another state and provides for crediting of simultaneous and multiple awards. *Lynch v. Mayfield,* 69 Ohio App.3d 229, 590 N.E.2d 351 (1990). Moreover, a plurality of the United States Supreme Court has recognized that the Full Faith and Credit Clause does not require a state to subordinate its own compensation policies to those of another state. *Thomas v. Washington Gas and Light,* 448 U.S. 261, 279, 100 S.Ct. 2647, 2659, 65 L.Ed.2d 757, 773 (1980) (Per Stevens, J.) (1980). The Court held:

> [A] State has no legitimate interest within the context of our federal system in preventing another State from granting a supplemental compensation award when that second State would have had the power to apply its workmen's compensation law in the first instance. The Full Faith and Credit

of the worker's compensation laws, because the contract of employment is entered into *and* all or part of the work is performed in a state other than Ohio." (Emphasis in original.) *See also State ex rel. Stanadyne, Inc. v. Industrial Commission of Ohio,* 12 Ohio St.3d 199, 466 N.E.2d 171 (1984) (holding that because claimant's contract for hire, job duties and fatal accident all occurred in Indiana, without an agreement under R.C. § 4123.54 authorizing Ohio coverage, even though claimant was a resident of Ohio, he was not entitled to Ohio benefits). It should be noted that there is some question as to whether Employer complied with the requirements of the Code.

Clause should not be construed to preclude successive workmen's compensation awards.

*Id.,* 448 U.S. at 286, 100 S.Ct. at 2663, 65 L.Ed.2d at 777–778.[15]

 Because Claimant is a resident of Pennsylvania, the Commonwealth has a substantial interest in his welfare and subsistence as a disabled worker, and this interest is promoted by supplementing those benefits awarded by the Ohio Industrial Commission. *Id.* As a resident injured while working in Pennsylvania, Claimant remains entitled to all compensation and medical benefits available under the Act, regardless of where Employer is insured.

 Even if Claimant is entitled to supplemental Pennsylvania benefits, Employer contends that the Board erred in requiring Claimant to submit his medical bills directly to Employer for payment. Employer maintains that the Referee's order properly retained primary jurisdiction over medical claims in the Ohio Bureau. However, the Referee's order that Claimant first submit medical bills to the Ohio Industrial Commission would have required Claimant be subjected to procedures and waiting periods different than those required under the Act. For example, Claimant would have been required to have his Pennsylvania medical providers submit his claims on forms approved by the Ohio Bureau and meeting its procedural requirements. Not only is the procedure different, the amount received by medical providers under Ohio law is at a set rate, often much lower than what medical providers receive under the Pennsylvania Act. This would have a detrimental effect on Claimant's ability to receive treatment in Pennsylvania. Because Pennsylvania law has jurisdiction over this claim in the first instance and does not require workers covered by it to first seek remedies under another law, we agree with the Board that requiring Claimant to first submit claims to the Ohio Bureau constitutes an unreasonable burden on Claimant.

15. *See also Stillians v. State of Iowa,* 843 F.2d 276, 282 (8th Cir.1988); *Webb v. Tom Brown, Inc.,* 807 F.2d 783, 786 (9th Cir.1987); *Kindle v. Cudd Pressure Controls, Inc.,* 792 F.2d 507, 514 n. 8 (5th Cir.1986).

██ Finally, as to the award of attorney fees, because Section 305.2(b) provides for a credit against Pennsylvania compensation for compensation received from another state, and Claimant's application for Pennsylvania benefits disclosed he was receiving benefits from Ohio, Employer was on notice that Claimant was not attempting to collect double benefits. In light of our cases interpreting Section 305.2, the Ohio courts' interpretation of R.C. § 4123.54 and the *Thomas* line of cases, there was no question that the Commonwealth could elect to provide supplemental benefits to its workers. Thus, the Board correctly found Employer's contest unreasonable and awarded Claimant attorney fees.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 14th day of April, 1993, the order of the Workmen's Compensation Appeal Board, dated March 20, 1992, No. A91–0307, is affirmed.