L.R. WILLSON & SONS, INC.

v.

PMA GROUP, et al.

Civ. No. K–93–4073.

United States District Court,
D. Maryland.

Nov. 15, 1994.

---

Frank L. Kollman, and Kollman, Sheehan, Nathan and Fink, Baltimore, MD, for plaintiff.

Gerard J. Emig, Rockville, MD, for defendants.

FRANK A. KAUFMAN, Senior District Judge.

Plaintiff and defendant in this case have filed cross-motions for summary judgment. For the reasons stated within, summary judgment is granted for defendant.

Plaintiff, L.R. Willson & Sons, is a Maryland corporation with its principal place of business in Maryland, and is engaged in the business of steel erection. Plaintiff performs work at construction sites in Maryland, as well as in Delaware, the District of Columbia, Pennsylvania, and Virginia. Defendant, a Pennsylvania corporation with its principal place of business in Pennsylvania, is an insurance company which provides, *inter alia,* Worker's Compensation insurance to businesses in various states.

Plaintiff's employees are hired, supervised, controlled and paid from plaintiff's office in Gambrills, Maryland. Plaintiff provides steel erection services outside of Maryland by assigning Maryland based employees to temporary out-of-state assignments, and/or by temporarily hiring workers who live near the out-of-state construction sites.

Plaintiff purchased Worker's Compensation insurance (referred to hereafter as the Maryland Policy) for its Maryland employees from the Maryland Injured Workers' Insurance Fund, an agency created under Title 10 of the Labor and Employment Article of the Annotated Code of Maryland. Plaintiff purchased additional workers' compensation insurance from defendant Manufacturers Insurance Company (the non-Maryland Policy)

with the intent of covering "those employees not localized principally in Maryland who were injured while working at a job site outside of Maryland." The plaintiff did not intend its Maryland based employees who worked outside of Maryland to be covered by the non-Maryland Policy; rather, it sought to avoid having to pay double premiums with respect to such workers. On March 14, 1992, defendant issued the non-Maryland policy to plaintiff, dated February 1, 1992, insuring plaintiff against the potential exposure of workers' compensation claims filed by plaintiff's employees who worked in Delaware, the District of Columbia, Pennsylvania, and Virginia.

At the end of the period covered by the non-Maryland Policy, defendant reviewed plaintiff's payroll and determined that plaintiff owed additional premiums for insurance against exposure to Workers' Compensation claims for work performed by plaintiff's employees in Pennsylvania. Defendant concluded that it was exposed to liability under Pennsylvania law for plaintiff's Maryland based employees, who were residents of Maryland, who were temporarily assigned to workplaces in Pennsylvania, and who performed work in Pennsylvania. The additional premium defendants claim due for such work is $135,516. Plaintiff has paid defendant that sum under protest, and seeks a refund of the same in the within case. The parties dispute, and this Court must resolve, whether defendant was exposed to liability under Pennsylvania workmen's compensation law for the Maryland based employees of plaintiff who worked, albeit temporarily, in Pennsylvania. In so determining, this Court must consider whether (1) those employees are to be compensated solely pursuant to the Maryland policy (2) if not, whether defendant is obligated under the terms of the non-Maryland Policy to provide compensation for those employees and (3) if defendant is so obligated, whether the contract is void for lack of meeting of the minds. Unfortunately for plaintiff, all of those arguments are unavailing to it, because Pennsylvania statutory law provides that any of plaintiff's Maryland

based employees who work temporarily in Pennsylvania fall within the ambit of the non-Maryland Policy. Thus defendant properly charged the additional refund and is entitled to summary judgment in this case.

## I

Pennsylvania workmen's compensation law covers any person injured within that state. "(The Pennsylvania) Workmen's Compensation Act[1] ... *shall apply to all injuries occurring within this Commonwealth,* irrespective of the place where the contract of hiring was made, renewed, or extended, and extraterritorially as provided by section 305.2." 77 P.S. § 1 (emphasis added); *see also Jay Lines, Inc. v. Workmen's Compensation Appeal Board,* 66 Pa.Cmwlth. 299, 443 A.2d 1370, 1372 (1982) (affirming the Pennsylvania Appeal Board's award of death benefits under Pennsylvania's Worker's Compensation Act to a Missouri resident who worked for a Texas corporation where "the only connection between Pennsylvania and the employment relationship is that the decedent's death occurred within Pennsylvania.").

Nonetheless, plaintiff argues that Pennsylvania would and should give full effect to certain agreements which have been signed by each of plaintiff's Maryland based employees. Those agreements provide in part:

> I understand and agree that I am subject to the provisions of the Worker's Compensation Act of the State of Maryland. In the event of injury, I understand and agree that claims will be filed and my rights will be governed by the provisions of the Worker's Compensation Act of the State of Maryland. I therefore understand and agree that my employment is principally localized in the State of Maryland. Work assignments that take me outside the State of Maryland are only temporary.

In arguing that Pennsylvania would give effect to those undertakings, plaintiff relies on § 305.2(d)(5) of the Act, 77 P.S. § 411.2(d)(5), which provides:

---

1. The Pennsylvania Workmen's Compensation Act ("Act"), Act of June 2, 1915, P.L. 736, *as*

*amended,* 77 P.S. §§ 1–1006.

An employe (sic) whose duties require him to travel regularly in the service of his employer in this and one or more other states may, by written agreement with the employer, provide that his employment is principally localized in this or another such state, and, unless such other state refuses jurisdiction, such agreement shall be given effect under this act.

■ Plaintiff's said argument, in this Court's view, cannot succeed. To begin with, the Maryland based employees of plaintiff may not fit within the statutory meaning of "(a)n employee whose duties require him to travel regularly in the service of his employer in this and one or more other states", simply because they temporarily travelled each day from their homes in Maryland to a workplace in Pennsylvania. That quoted language may only cover employees who cross state lines in the course of their actual work duties, rather than those who do so in the midst of a commute. However, even if that quoted language applies to plaintiff's Maryland based employees, § 411.2(d)(5) is not of aid to plaintiff. That is so because, even assuming that plaintiff's employees do "travel regularly" within the meaning of § 411.2(d)(5), that section functions only with respect to work performed and injuries which occur *outside* of Pennsylvania, not within Pennsylvania as is the situation in the case at bar.

■ As a general rule, in the context of workmen's compensation, an

"[e]xpress agreement between employer and employee that the statute of a named state shall apply is ineffective either to enlarge the applicability of that state's statute or to diminish the applicability of the statutes of other states. Whatever the rule may be as to questions involving commercial paper, interest, usury and the like, the rule in workmen's compensation is dictated by the overriding consideration that

compensation is not a private matter to be arranged between two parties; the public has a profound interest in the matter which cannot be altered by any individual agreements."

4 *Arthur Larson, The Law of Workmen's Compensation* § 87.71 (1994). Pennsylvania's workmen's compensation statute provides:

No agreement, composition, or release of damages made before the date of any injury shall be valid or shall bar a claim for damages resulting therefrom; and any such agreement is declared to be against the public policy of this Commonwealth.

77 P.S. § 71. Thus, no private agreement can reduce workmen's compensation coverage for work and injuries which occur in Pennsylvania, unless such agreement is permitted by a Pennsylvania statutory provision.

Section 441.2(d)(5) is a permitted exception to that rule to the degree that it enables "the parties to agree that the local statute shall not apply to *out-of-state* injuries." *Larson* § 87.71 (emphasis added). Under § 441.2, Pennsylvania law does not cover extraterritorial injuries unless one of four factors is met. Pertinently, extraterritorial coverage will exist for a worker whose "employment is principally localized in this State," § 411.2(a)(1).[2] Thus, § 441.2(d)(5) permits employers and employees to determine, prior to any injury occurring, where a principal location of employment is in order that in the event of an out-of-state injury, an employee may or may not be covered by Pennsylvania law. For example, if an employee signed the agreement in question, worked temporarily in Pennsylvania, and was subsequently injured while working in Maryland, the agreement that employment was localized principally in Maryland would negative coverage under Pennsylvania statutory law for an extraterritorial injury. However, no such agreement is effective to diminish the applicability of Pennsylvania statutory law when the work

---

**2.** Under 77 P.S. § 411.2(a), extraterritorial coverage will also exist for a worker if:

(2) He is working under a contract of hire made in this State in employment not localized in any state, or

(3) He is working under a contract of hire made in this State in employment principally localized in another state whose workmen's compensation law is not applicable to his employer, or

(4) He is working under a contract of hire made in this State for employment outside the United States and Canada.

and injury take place in Pennsylvania itself. That is true despite the clarity of the language in the agreement, namely, "I understand and agree that I am subject to the provisions of the Worker's Compensation Act of the State of Maryland. In the event of injury, I understand and agree that claims will be filed and my rights will be governed by the provisions of the Worker's Compensation Act of the State of Maryland". In *Rock v. Worker's Compensation Appeals Board*, 92 Pa.Cmwlth. 491, 500 A.2d 183 (1985), the court refused to give effect to an employment agreement stating that claimant "agree(s) to be bound by the Workmen's Compensation Law of the State of Ohio ..." *Id.* at 492, 500 A.2d at 184. In *Rock,* the claimant was a Pennsylvania resident, injured not in Pennsylvania, but in Ohio, and hired by a company centered in Ohio. The court concluded that the claimant should have the opportunity to demonstrate that his employment was principally localized in Pennsylvania, and that he was thereby entitled to benefits under that state's law. Significantly, the court agreed with claimant that 77 P.S. § 411.2(d)(5) "authorizes agreements only as to where employment is to be principally localized and not as to which states' workmen's compensation laws are to be the employee's exclusive remedy." *Id.* at 495, 500 A.2d at 185. That approach was also followed in *Robert M. Neff v. W.C.A.B.,* 155 Pa.Cmwlth. 44, 624 A.2d 727 (1993), in which the court concluded that § 411.2(d)(5) does not "permit[ ] agreements vesting exclusive jurisdiction over workmen's compensation claims in another state." *Id.* at 52, 624 A.2d at 731.

Furthermore, it should be noted that while Maryland would likely accept jurisdiction over a Willson employee injured in Pennsylvania, *see L.R. Willson & Sons v. Garrett,* 76 Md.App. 120, 543 A.2d 875 (1988), that fact, in and of itself, does not preclude the possibility that Pennsylvania would also require coverage for such an employee if an employee filed a claim in Pennsylvania. "Relief may be awarded under the workmen's compensation statute of a State of the United States, although the statute of a sister State also is applicable." Restatement (Second) of Conflicts § 182 (noting that injured employee may receive benefits from more than one state); *see also Neff,* 155 Pa.Cmwlth. at 52–56, 624 A.2d at 732–733.

## II

Thus, it appears that a Maryland-based Willson employee who was injured in Pennsylvania could file a worker's compensation claim in Pennsylvania under that state's statute and have that claim considered upon the merits. Therefore, plaintiff cannot prevail in this case on the ground that the Pennsylvania statute does not cover its employees. However, plaintiff asserts that even if that be so, the Policy between it and defendant does not cover the Maryland based employees who are otherwise covered by the Maryland Injured Workers' Insurance Fund. Plaintiff, in so contending, relies on the provisions by General Section E of the Policy which states:

> This policy covers all of your workplaces listed in items 1 or 4 of the information Page; and it covers all other workplaces in item 3.A. states unless you have other insurance or are self-insured for such workplaces.

Item 1 lists plaintiff's name and address. Items 4 and 3.A. list Pennsylvania, Delaware, Virginia, and the District of Columbia. Although plaintiff does have "other insurance" for its Maryland based employees under Maryland law, for reasons explained *infra* that insurance does not appear to satisfy the requirements of Pennsylvania law, and thus does not exempt .defendant from providing compensation for injuries incurred by plaintiff's employees in the Pennsylvania workplace.

Under Pennsylvania law it is "mandated that employers operating in Pennsylvania subscribe to the workmen's compensation system providing penalties for a failure to do so." *Neff,* 155 Pa.Cmwlth. at 53, 624 A.2d at 732 (citing 77 P.S. §§ 431, 501). Section 431 provides that "(e)very employer shall be liable to compensation for personal injury to, or for death of each employe [sic], by an injury in the course of his employment...." Section 501 states:

Every employer liable under this act to pay compensation shall insure the payment of compensation in the State Workmen's Insurance Fund, or in any insurance company, or mutual association or company, *authorized to insure such liability in this Commonwealth,* unless such employer shall be exempted by the department from such insurance.

§ 501(a)(1) (emphasis added). Defendant is a company so authorized to insure. That section further states:

Any employer who fails to comply with the provisions of this section for every such failure, shall, upon conviction in the court of common pleas, be guilty of a misdemeanor of the third degree. If the failure to comply with this section is found by the Court to be intentional, the employer shall be guilty of a felony of the third degree. Every day's violation shall constitute a separate offense.

§ 501(b).

Plaintiff, as an employer of persons who performed work in Pennsylvania, was required to purchase insurance from a company authorized to provide the same under Pennsylvania law, unless plaintiff could meet the requirements of § 411.2(c). That section provides:

If an employe (sic) is entitled to the benefits of this act by reason of an injury sustained in this State in employment by an employer who is domiciled in another state and who has not secured the payment of compensation as required by this act, the employer or his carrier may file with the director a certificate, issued by the commission or agency of such other state having jurisdiction over workmen's compensation claims, certifying that such employer has secured the payment of compensation under the workmen's compensation law of such other state and that with respect to said injury such employee is entitled to the benefits provided under such law.

In this case, the record discloses that plaintiff has not so filed with any Pennsylvania agency or authority. Therefore, plaintiff cannot claim protection under § 411.2(c), or meritoriously contend that its obtention of the Maryland Policy satisfies the requirements of the Pennsylvania statute.

## III

This Court recognizes that its conclusion that defendant is exposed to liability for plaintiff's Maryland based employees may put a double burden on plaintiff to secure coverage under both Maryland and Pennsylvania law for its Maryland based employees who are temporarily assigned to work in Pennsylvania and who do other work in Maryland. However, that problem is for resolution by Pennsylvania's legislature, not this Court. There may be one possible avenue available to plaintiff to avoid that double burden. Plaintiff may perhaps be able to file, in Pennsylvania in accordance with § 411.2(c), "a certificate ... certifying that (it) has secured the payment of compensation under the workmen's compensation law of (another) state and that with respect to said injury such employee is entitled to the benefits provided under such law". Perhaps, upon such a filing, plaintiff could properly assert that its Maryland based employees are excluded from coverage under the Policy with defendant. Apparently, that section may not have been so used, and the question arises as to whether or not an employer can file such a certificate before an injury occurs. However, that issue is not before this Court as plaintiff has not sought to file such a certificate even though this Court pointed out to plaintiff such a possible course of action during the pendency of this case. In sum, plaintiff is currently subject to the double burden.

## IV

Finally, plaintiff contends that if this Court concludes that defendant is exposed to liability under the Policy, then there was no meeting of the minds of plaintiff and defendant as to the coverage of the non-Maryland Policy and therefore, no binding insurance contract was formed. Plaintiff asserts that it did not intend for its Maryland based employees to be covered by the Policy. Because defendant has sought premiums for those employees, plaintiff argues that the parties did not agree on essential terms of

the contract such as coverage and cost. " 'It is well settled that agreement or mutual assent between parties is essential for the formation of a contract.' " *J.M.P.H. Wetherell v. Sentry Reinsurance, Inc.,* 743 F.Supp. 1157, 1170 (E.D.Pa.1990), quoting *Arnold Pontiac–GMC, Inc. v. General Motors Corp.,* 786 F.2d 564, 571 (3d Cir.1986).

The contract, which plaintiff signed, states on its face that defendant will cover all claims arising in Pennsylvania. By so agreeing, plaintiff and defendant bound themselves to follow the application of Pennsylvania law to those claims. Plaintiff's interpretation of Pennsylvania law regarding the extent of that coverage differs from that of defendant and of this Court. However, that does not mean there was no meeting of the minds; plaintiff may disagree with this Court's interpretation of plaintiff and defendant was that the policy issued by defendant would cover all workmen's compensation claims to which plaintiff was subject under Pennsylvania law. If plaintiff's argument were to prevail, any time the parties to a contract disagreed over how a state's law applied to such contract, that contract would be deemed void or be subject to being voided for lack of a meeting of the minds.

### V

Summary judgment will therefore be entered for defendant in a separate order of even date herewith.