62 F.3d 1415
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
L.R. WILLSON AND SONS, INCORPORATED, Plaintiff-Appellant,
v.
PMA GROUP; MANUFACTURERS ALLIANCE INSURANCE COMPANY,
Defendants-Appellees.
 No. 94-2626.
 United States Court of Appeals, Fourth Circuit.
 Argued July 11, 1995.
Decided Aug. 7, 1995.
 
 ARGUED: Frank Leo Kollman, KOLLMAN & SHEEHAN, P.A., Baltimore, MD, for Appellant.
 Gerard J. Emig, GLEASON, FLYNN, MCCORMICK & EMIG, CHARTERED, Rockville, MD, for Appellees.
 ON BRIEF: Charles J. Morton, Jr., KOLLMAN & SHEEHAN, P.A., Baltimore, MD, for Appellant.
 Before HAMILTON, MICHAEL, and MOTZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellee PMA Group (PMA), as insurer for Appellant L.R. Willson & Sons, Incorporated (L.R.Willson), sought approximately $135,000 in insurance premiums from L.R. Willson for exposure to liability for workmen's compensation claims arising in Pennsylvania on behalf of L.R. Willson employees. L.R. Willson paid the $135,000 under protest and instituted this suit to recover the premiums. On cross-motions for summary judgment, the district court concluded that PMA was entitled to retain the premiums because it was exposed to liability for paying workmen's compensation claims under Pennsylvania law. See L.R. Willson & Sons, Inc. v. PMA Group, 867 F.Supp. 335 (D.Md.1994).
 
 
 2
 We have carefully examined the record, briefs, arguments of the parties, and the opinion of the district court. Like the district court, we agree that PMA was entitled to the approximately $135,000 because it was exposed to liability for workmen's compensation claims on behalf of L.R. Willson employees under Pennsylvania law. Therefore, we affirm on the reasoning of the district court.
 
 
 3
 AFFIRMED.